(82 N. W. Rep. 743.)

---

## STATE *vs.* ROBERT ROSENCRANS.

Opinion filed April 21, 1900.

**Larceny—Possession of Stolen Property.**

The recent personal possession of stolen property, not satisfactorily explained, constitutes an evidential fact, from which complicity in the larceny thereof may be inferred.

**Evidence Sufficient to Sustain Conviction.**

Accordingly *held*, that evidence of the possession of the stolen property, which consisted of a mower and two hayrakes, by the defendant, within 10 days after it was stolen, and at his home 16 miles from the place where stolen, is, in connection with the other evidence in the case, sufficient to uphold the verdict of the jury finding him guilty of the larceny.

**Failure to Instruct in Absence of Request.**

Failure to instruct the jury on a particular phase of the evidence cannot be urged as prejudicial error, in the absence of a request so to do.

**Witness Acting as Bailiff.**

The fact that a sheriff and deputy sheriff are sworn as witnesses in a criminal case does not, of itself, operate to disqualify them from acting as bailiffs in charge of the jury during their deliberations.

Appeal from District Court, McHenry County; *Morgan, J.*

Robert Rosencrans was conviced of larceny, and appeals.

Affirmed.

*W. J. Anderson,* for appellant.

*John F. Cowan,* Attorney General, and *A. J. Ames,* State's Attorney, for the State.

YOUNG, J. The defendant was convicted of the crime of grand larceny at the October, 1899, term of the District Court of McHenry county. A motion for a new trial was made in his behalf, and

overruled, and defendant sentenced to imprisonment in the penitentiary for two years and six months.

Four assignments of error are subjoined to counsel's brief as grounds for reversing the judgment of the District Court and its order refusing a new trial. These will be considered in the order assigned in the brief.

First, it is urged that the verdict is clearly against the evidence, in this: that "there was no evidence to show the defendant was connected with the theft or aided in it." We may say here that the information upon which the defendant was tried and convicted charges him with the larceny of a mower and two hayrakes, all alleged to have been the property of one P. O. Kongslie, and of the value of $105, and that said larceny was committed on the 30th day of July 1899. It is conceded that the property described was the property of Kongslie, that it was stolen, and that it was of the value as alleged. The defendant's sole contention is that there is no evidence to connect him with the larceny. A careful examination of the evidence upon this point leads us to a different conclusion. It appears, without dispute, that the property in question was taken from the premises of the owner about August 5, 1899. It is undisputed, also, that on August 14th thereafter a portion of the property, at least, was found near the premises of the defendant, some 16 miles distant from the place where it was stolen. Kongslie, the owner, testified that he visited the premises of the defendant on the last-named date, in company with the sheriff, who had a search warrant, and that he saw all of his property there,—the two rakes in defendant's yards near his house, and the mower in a hay meadow about two and a half miles away. Both the sheriff and Kongslie testified that when they came in sight of the mower the defendant had his team hitched to it and was using it. There is evidence, also, that the defendant unhitched from it as soon as he saw them approaching, and when the sheriff met him, and asked him whose mower it was, he said he did not know. It also appears that one of the rakes which Kongslie claims to have seen in the defendant's yard, and identified as his, has not been recovered, while the other one was found by the sheriff later, submerged in a small lake about a half mile from the defendant's house, the wheels having been taken off. These facts, and others of an incriminating nature, were before the jury, in connection with the defendant's explanation of his connection with the stolen property, and were, we think, sufficient to authorize the jury to conclude that the defendant was guilty of the larceny of the property. It is a well-settled principle that the recent personal possession of stolen property, not satisfactorily explained, is an evidential fact, from which complicity in the larceny of the property may be inferred. See Whart. Cr. Ev. § 758. As we have seen, there was evidence both of recent and personal possession of the stolen property in the defendant, and it was for the jury to say whether his explanations removed or increased the inference of guilt deducible from such possession,

Apellant's second ground relates to the failure of the court to give to the jury a specific charge upon a certain phase of the evidence which he deemed important. No further reference to this need be made than to say that no request for such an instruction was made by defendant's counsel. This court has held that mere failure to instruct, when not requested to do so, is not prejudicial error. *State* v. *Haynes,* 7 N. D. 352. For further discussion, see Thomp. Tr. § § 2338-2341.

The next assignment of error is that "the court erred in swearing in Robert Gorman and James Pendroy as bailiffs to have charge of the jury, and turning the jury over to them during its deliberations, they having given testimony in the case against the defendant." This assignment cannot be sustained. It was the duty of the trial judge, under sections 8211, 8218, Rev. Codes. to place the jury in the charge of sworn bailiffs during their retirement and deliberations. In performance of that duty the persons named were sworn in. One was sheriff and the other a deputy sheriff of McHenry county. No interest in the case is shown in either of them, and we are cited to no statutory provision or decision of any court which will support counsel's proposition that the mere fact that a sheriff or deputy has testified in a case renders him incompetent to act as bailiff and take charge of the jury. Furthermore, the act complained of occurred during the trial, and was not objected to by the defendant, and cannot, therefore, be now urged as error.

Counsel's last assignment is "that the court erred in not granting a new trial to let in newly-discovered evidence." This, as we understand the record, has been abandoned by the appellant; for it is not urged here, and was not urged in the lower court. No reference is made to it in counsel's brief filed here, which purports to embody his entire argument presented to the trial court upon the motion for new trial. Finding no error in the record, the judgment is affirmed. All concur.