## STATE OF NORTH DAKOTA, Respondent, v. CLYDE NELSON DODDS, Appellant.

(169 N. W. 578.)

**Grand larceny — conviction for — sentence — appeal for judgment — evidence — charge to jury — objections — fair trial.**

Defendant was convicted of grand larceny and sentenced to state's prison for not more than five years nor less than one year, and he appeals to this court. He assigns error based on objections and exceptions to the evidence and the charge to the jury.

*Held,* the record shows no error and does show that defendant has had a fair trial.

Opinion filed November 4, 1918. Rehearing denied November 29, 1918.

Appeal from the District Court of Kidder County, Honorable *W. L. Nuessle,* Judge.

Defendant appeals.

Affirmed.

*E. T. Burke,* for appellant.

*Wm. Langer,* Attorney General, and *Theo. Koffel Bismarck,* and *J. W. Walker,* for respondent.

ROBINSON, J. In July, 1917, defendant was convicted of the crime of grand larceny and sentenced to state's prison for not less than one year nor more than five years, and he appeals. The information charges that on March 20, 1917, in Kidder county, defendant did feloniously steal and carry away numerous specified articles of personal

property of the value of $325, the property of one Walter Truax. As described in the information the property consisted of wheat, oats, flax, grain sacks, horse harnesses, collars, and hand scale, and numerous other articles each valued at less than $20.

In appellant's brief there are fifteen errors assigned on the rulings of the court during the trial and the instructions given to the jury, but there is no real attempt to show that the evidence is insufficient to sustain the verdict. Many persons were called as witnesses for the state and many as witnesses for the defendant, and the testimony, with the objections and exceptions, cover 139 pages. The proof showed beyond question that the property was stolen from Truax and that within a few days after the theft a considerable part of it was found in the possession of the defendant, and there is other circumstantial evidence pointing quite directly to the guilt of the defendant, and so it appears that the verdict is well sustained by the evidence.

Objection is made to the search of defendant's premises to discover the stolen property; to the refusal of the court to permit testimony that sacks and grain forks frequently became intermixed; to the insufficiency of the evidence to identify the forks and the horse collars and such like. Of course, in threshing time, it is common knowledge that grain forks and sacks may get intermixed, but there was no chance for such things to intermix from the time complainant left them on his place in March till the time when they were stolen.

In regard to the instructions, it is said the court told the jury that they might find the defendant guilty whether the property was taken by him or not, and that it is sufficient for the state to prove that all or any part of the property was stolen. So that under the charge, defendant might have been found guilty of grand larceny on proof that he stole a pitchfork. The answer to that is that it is wholly untrue. No judge would be so stupid as to give such an instruction to a jury. It is true the court did charge that it is not necessary for the state to prove that all of the property was taken or that it was taken by the defendant. As the evidence shows, the defendant may have used his hired man to take the property. The meaning of the sentence objected to when construed with the rest of the charge is that it was not necessary for the state to prove that defendant took the property with his own hands, and that to convict the defendant of some crime, it was

only necessary for the state to prove that all or any part of the property was taken as charged in the information. The court read to the jury the statute and instructed them with great care as to what constitutes grand larceny and petty larceny.

In § 29 of the charge, the court said to the jury: The state must prove to your satisfaction beyond a reasonable doubt that defendant took the property or aided and assisted another or others in doing so. When taken as a whole, the charge is manifestly fair and correct. There is no merit in any of the assigned errors. As it appears defendant has had a fair trial and he has been found guilty on competent evidence. Under the statute it is hardly conceivable that twelve men would have agreed to find defendant guilty if there was any reasonable doubt.

It is time for counsel to understand that this court will not reverse a verdict in either a civil or criminal case when it is well sustained by evidence, unless it appears that defendant has not had a fair trial. Hair-splitting objections avail nothing.

Judgment affirmed.

CHRISTIANSON, J. (concurring specially). In this case there was no motion for an advised verdict at the close of all the testimony. There was, however, a motion for a new trial. But the sufficiency of the evidence was not challenged on such motion. The failure to so assail the sufficiency of the evidence is not only persuasive evidence that defendant's counsel must have deemed the evidence sufficient, but precludes a review of the sufficiency of the evidence in this court. State v. Glass, 29 N. D. 620, 151 N. W. 229. A careful consideration of the evidence, all of which I have read, shows, however, that there is substantial evidence from which the jury might conclude that the defendant was guilty of the crime charged.

The first error assigned and argued on this appeal is that the court erred in permitting the names of certain witnesses for the prosecution to be indorsed upon the information after the jury had been selected, and afterwards permitting such witnesses to testify. The record shows the objection to be without merit. There is not the remotest possibility that the defendant was in any manner prejudiced by the court's ruling. Nor was the ruling assigned as error upon, or made one of the

grounds of the motion for a new trial. Hence, it cannot be considered on this appeal. See State v. Glass, supra.

The defendant asserts that the court in one instruction invaded the province of the jury. The instruction assailed related to the subject of possession of stolen property. It is unquestionably proper to give an instruction on this subject. 25 Cyc. 151 et seq. The instruction in this case in no manner instructed upon the weight or effect of the evidence. It left this, and every element inhering therein, for the jury to determine.

As stated in the opinion prepared by Mr. Justice Robinson, the defendant also contends that the court instructed the jury in effect "that they might find the defendant guilty whether the property was taken by him or not, and that it is sufficient for the state to prove that all or any part of the property was stolen." In this connection it is contended by defendant that the jury, under this instruction, might have returned a verdict for grand larceny even though they in fact found that the defendant had committed petit larceny only.

In my opinion the contention is wholly without merit. Not only did the court's instruction as a whole fully instruct upon the subject, but the record shows that after the jury had retired and deliberated upon the case, they returned and requested further instruction. A juryman said: "We had some dispute, if we had to find in the man's possession an amount to exceed $20,—if we had no reasonable doubt in our minds that he had taken stuff to the value of over $20, and didn't find it all in his possession, would that be grand larceny." The court answered this query as follows: "I will answer that inquiry in this way,—that before you gentlemen can find this defendant guilty of grand larceny, each and all of you must be satisfied either that he stole property worth and of the value of more than $20, or that he aided and assisted in so doing, and if there is any doubt as to the amount taken then the defendant is entitled to the benefit of the doubt, and if you are not satisfied beyond a reasonable doubt that the property stolen by the defendant, in case you find he stole any property, exceeds $20 in value, then your verdict cannot be guilty of grand larceny, but must be guilty of petit larceny." This was the last instruction given by the court upon any subject. Upon this record I do not see how there could be any possible chance that the jury,

through inadvertence and misunderstanding of the instructions, returned a verdict for grand larceny, if in fact they believed that the defendant was guilty of petit larceny only. In my opinion the instructions were eminently fair to the defendant, and he has not the slightest cause for complaint.

Certain assignments of error are predicated upon the admission or exclusion of evidence. I do not care to discuss these in detail. I have examined them all with care, and fail to find a single ruling adverse to the defendant which is at all of a prejudicial, or even of a doubtful, character.

I have carefully examined the record of the proceedings had upon the trial, the transcript of the evidence, and the instructions to the jury, and am convinced that the defendant had a fair trial in every respect. I therefore concur in an affirmance of the judgment of conviction, and the order denying a new trial.