# STATE OF NORTH DAKOTA, Respondent, v. SAM ROSS, Appellant.

### (179 N. W. 993.)

**Receiving stolen goods — information held sufficiently to aver ownership.**

1. In a criminal action for buying and receiving stolen property, it is *held* that the information sufficiently avers the ownership of stolen property and alleges a public offense.

**Receiving stolen goods — possession raises presumption of guilt — instruction as to presumption from possession held not erroneous.**

2. In such action, where the court charged the jury that "the finding of stolen property in the possession of another shortly after said property has been stolen raises the presumption of guilt as against the person in whose possession the same is found, but this presumption, however, is a rebuttable one, and if the possession is explained to the satisfaction of the jury then this presumption is overcome and should not be considered as any evidence of the guilt of the accused," it is *held* that such instruction, considered with other instructions, was not erroneous.

Opinion filed November 1, 1920.    Rehearing denied November 23, 1920.

Criminal action upon an information for buying and receiving stolen property, in District Court, Mountrail County, *Leighton, J.*

From a judgment of conviction, the defendant has appealed.

Affirmed.

*F. F. Wyckoff, Dudley L. Nash* and *E. T. Burke,* for appellant.

On trial of an indictment for receiving stolen goods the ownership of the goods, if known, must be alleged and proved as alleged. Miller v. People (Colo.) 21 Pac. 1025; State v. McAloon, 40 Me. 134; Com. v. Finn, 108 Mass. 466; State v. Williams, 2 Strobh. 229; State v. Palk (Mo.) 79 S. W. 980; Arcia v. State (Tex.) 12 S. W. 599;

NOTE.—There is apparently quite a conflict of authority on the question that the possession of goods recently stolen at a burglary, where such possession was not satisfactorily explained, and the burglary and larceny were proved, was held to be prima facie evidence of guilt, as will be seen by an examination of the cases collated in a note in 12 L.R.A. (N.S.) 199, on possession of recently stolen property as evidence of burglary.

On presumption of guilt from possession of goods recently stolen, see note in 72 Am. Dec. 169.

Brothers v. State (Tex.) 3 S. W. 737; Kirby v. United States, 174 U. S. 47, 43 L. ed. 890, 19 Sup. Ct. Rep. 574; Com. v. McGuire, 108 Mass. 469.

The thing stolen must be described in the same manner as in larceny.   2 Bishop, Crim. Proc. § 982.

The *corpus delecti* in larceny is constituted of two elements,—that the property was lost by the owner and that it was lost by felonious taking.   17 R. C. L. § 69, subject, Larceny.

*R. E. Swendseid* and *O. B. Herigstad,* for respondent.

The grounds relied upon for the demurrer must be specifically pointed out.   State v. Longstreth, 19 N. D. 268; People v. Hill, 3 Utah, 334, 3 Pac. 75; Flahr v. Territory, 14 Okla. 477, 78 Pac. 565.

The sufficiency of the allegations of an information when raised by a motion in arrest of judgment will be construed with less strictness than when raised by a demurrer.   State v. Johnson, 17 N. D. 554, 118 N. W. 230; State v. Wright, 20 N. D. 216, 126 N. W. 1023; State v. Uhler, 32 N. D. 483, 156 N. W. 220; Wharton, Crim. Code & Pl. 8th ed. § 760; Wharton, Crim. Proc. 10th ed. § 760; United States v. Demmish, 117 Fed. 352; Bishop, Crim. Proc. 707.

"When a person is found in possession of recent stolen property it raises a presumption against the accused which will justify conviction if he does not meet it by a reasonable explanation."   25 Cyc. 133; (Colo.) 48 Pac. 502; State v. Wilson (Iowa) 64 N. W. 266.

"The possession of stolen property almost immediately after the larceny raises a presumption of guilt, which, if not rebutted, will warrant a conviction of larceny.   Higgins v. People, 135 Ill. 243, 25 Am. St. Rep. 357; Keating v. People (Ill.) 43 N. E. 724; Smith v. People, 103 Ill. 82; Unger v. State, 42 Miss. 642; Foster v. State, 52 Miss. 695; Tucker v. State, 57 Ga. 503; Brown v. State, 59 Ga. 456; State v. Turner, 65 N. C. 592; Com. v. Randall, 119 Mass. 107; Knickerbocker v. People, 43 N. Y. 177; State v. Gurre (Utah) 120 Pac. 209, 39 L.R.A.(N.S.) 320.

BRONSON, J.   The defendant was convicted upon an information charging him with buying and receiving certain stolen meat and pork. He has appealed from the judgment of conviction.   The evidence has not been sent to this court.   The defendant demurred to the informa-

tion and made a motion in arrest of judgment. The body of the information charges the commission of a crime as follows:

"That at said time and place the said Sam Ross did knowingly and feloniously buy and receive certain stolen property, to wit, two hind quarters and one front quarter of dressed stag beef fresh weighing about 75 pounds each, and one piece of dressed fresh side pork weighing about 10 pounds, from a party or parties unknown, not the property of said Sam Ross, knowing the same to have been stolen, and with the intent to deprive the owner thereof, then and there of the value of $50; the same being a part of the beef and pork stolen as follows, to wit: That at the said time and place an unknown person or persons did wilfully, unlawfully, and feloniously take, steal, and carry away two dressed beeves and one dressed hog from the slaughterhouse used by Sjol Brothers, near Van Hook, North Dakota, then and there the property of Sjol Brothers, and not the property of the person or persons unknown; with the intent to deprive the owner thereof; then and there of the value of $200."

The defendant challenges the sufficiency of this information to constitute a public offense, upon the grounds that there is no direct allegation that the stolen meat was the property of Sjol Brothers; that it does not allege that the unknown parties were guilty of the theft, nor does it negative lawful possession or ownership in such unknown parties; that the defendant may have had the right to use the slaughterhouse "then and there the property of Sjol Brothers." We are of the opinion that the information cannot be challenged upon any such grounds. Although the phrases might have been differently arranged, and placed perhaps in closer apposition to the words which some of them modify, nevertheless, it is clear, upon reading the entire information, that the phrase, "then and there the property of Sjol Brothers, and not the property of the person or persons unknown; with the intent to deprive the owner thereof," clearly applies and refers to the meat alleged to have been stolen. See 34 Cyc. 521; State v. Johnson, 17 N. D. 554, 118 N. W. 230. The objection raised concerning the allegation about the parties unknown is without merit. See State v. Denny, 17 N. D. 519, 117 N. W. 869; State v. Pirkey, 22 S. D. 550, 118 N. W. 1042, 18 Ann. Cas. 192. Among the instructions given to the jury the court charged as follows:

"The finding of stolen property in the possession of another shortly after said property has been stolen raises the presumption of guilt as against the person in whose possession the same is found; but this presumption, however, is a rebuttable one, and if the possession is explained to the satisfaction of the jury, then this presumption is overcome and should not be considered as any evidence of the guilt of the accused. The finding of property in the possession of the defendant, which has been stolen, is, of course, not in itself sufficient to warrant a conviction, but is merely a circumstance to be considered by the jury in passing upon his guilt or innocence."

The defendant challenges this instruction as erroneous on the ground that it raised a presumption as a matter of law that he was guilty.

We are of the opinion that this charge was not erroneous; otherwise the court charged the jury that in order to find the defendant guilty they must determine beyond a reasonable doubt that at the time he received the property he knew it to be stolen, and that at the time it came into his possession he bought or purchased the same with the intent to deprive the true owner of the meat.

The application of this presumption as an evidentiary presumption in larceny cases is well known. 25 Cyc. 133. It is an evidentiary presumption of guilt deducible from the unexplained possession of property. Ibid. See notes in 12 L.R.A.(N.S.) 199, and 70 Am. Dec. 447. It is not unfair nor improper to apply this presumption, an evidentiary presumption deducible from the possession of property, equally as well to a person charged with unlawfully receiving stolen property knowing it to be stolen, as to one charged with its original taking. See People v. Weldon, 111 N. Y. 569, 19 N. E. 279; Goldstein v. People, 82 N. Y. 231; Martin v. State, 104 Ala. 71, 16 So. 85; Boyd v. State, 150 Ala. 101, 43 So. 205; 34 Cyc. 524, 548; State v. Rosencrans, 9 N. D. 163, 164, 82 N. W. 422; State v. Guild, 149 Mo. 370, 73 Am. St. Rep. 400, 50 S. W. 909; State v. Richmond, 186 Mo. 71, 84 S. W. 880; Jenkins v. State, 62 Wis. 49, 21 N. W. 238; State v. Lamb, 39 S. D. 307, 164 N. W. 69; State v. Hoshaw, 89 Minn. 307, 310, 94 N. W. 873. The charge as a whole upon this question, in our opinion, properly submitted to the jury this presumption

as an evidentiary presumption, and therefore was not prejudicially erroneous. The judgment is affirmed.

BIRDZELL and ROBINSON, JJ., concur.

CHRISTIANSON, Ch. J. (concurring especially). I concur in an affirmance of the judgment of conviction, and agree with what is said in the opinion prepared by Mr. Justice Bronson as to the sufficiency of the information.

While I am not prepared to give my unqualified approval to the phraseology of the instruction which is assailed as erroneous, a careful consideration of the entire charge, and an examination of the authorities bearing thereon, have led me to the conclusion that the instruction is not prejudicial. There is no question but that the presumption which arises from the unexplained possession of recently stolen property is one of fact, and not one of law. While the instruction assailed is not couched in the most happy language, it did, in effect, if construed as a whole, inform the jury that the presumption is one of fact. For, in the instruction assailed, it is said: "This presumption, however, is a rebuttable one, and, if the possession is explained to the satisfaction of the jury, then this presumption is overcome and should not be considered as any *evidence* of the guilt of the accused. The finding of property in the possession of the defendant, which has been stolen, is, of course, not in itself sufficient to warrant a conviction, but is merely a circumstance to be considered by the jury in passing upon his guilt or innocence." The jury is specifically told that, "if the possession is explained to the satisfaction of the jury, the presumption is overcome, and should not be considered as any *'evidence'* of the guilt of the accused." The sentence immediately following is in effect that the presumption is not one of law, but "is merely a circumstance to be considered by the jury in passing upon" the guilt or innocence of the accused. The jury is further informed that this circumstance is not of sufficient probative force, standing alone, to overcome the presumption of innocence.

It should, also, be noted that the court informed the jury fully as to the averments of the information, and, among others, gave the following instruction: "In order to find the defendant guilty you must

find beyond a reasonable doubt: First, that the defendant Sam Ross, did, knowingly and intentionally, buy and receive two hind quarters and one front quarter of dressed fresh stag beef weighing about 75 pounds each, and one piece of dressed fresh side pork weighing about 10 pounds, or some portion thereof; second, that at the time the said defendant received the same he knew it to be stolen; third, that at the time the same came into his possession he bought or purchased the same with the intent to deprive the true owners of said meat; fourth, that said meat was in fact the property of Sjol Brothers, and not the property of the persons from whom he received the same, if, of course, you find he received it; fifth, that if these acts were done they were done in Mountrail county, and at some time within three years prior to November 4, 1919, and also find that said meat was of some value."

The jury was required to fix the value of the property in its verdict, and fixed such value at $50.

GRACE, J. (dissenting). This is an appeal from a judgment adjudging the defendant guilty of buying and receiving stolen property, and sentencing him to be confined in the state penitentiary at Bismarck, for the term of one year and three months, and to pay costs in the sum of $225.45. The judgment was entered upon a verdict of guilty returned by the jury. The defendant was charged with the commission of a public offense, by amended information which, omitting formal parts and those about which no controversy exists, is as follows:

"That at said time and place the said Sam Ross did, knowingly and feloniously, buy and receive certain stolen property, to wit, two hind quarters and one front quarter of dressed flesh stag beef weighing about 75 lbs., each, and one piece of dressed fresh side pork weighing about 10 lbs., from the party or parties unknown, not the property of said Sam Ross, knowing the same to have been stolen, and with the intent to deprive the owner thereof; then and there of the value of $50; the same being a part of the beef and pork stolen as follows, to wit; That at the said time and place an unknown person, or persons, did, wilfullly, unlawfully, and feloniously, take, steal, and carry away two dressed beeves and one dressed hog from the slaughterhouse used by Sjol Brothers, near Van Hook, North Dakota, then and there the property of Sjol Brothers, and not the property of the person, or persons, un-

known; and with the intent to deprive the owner thereof; then and there of the value of $200."

The defendant demurred to this information, on the ground that it did not state facts sufficient to constitute a public offense. This was overruled and the defendant excepted. He then entered a plea of not guilty. Upon trial, the defendant having been convicted, and a judgment having been entered as above stated, he made a motion in arrest of judgment, which was denied.

On this appeal, four errors are assigned: (1) Overruling the demurrer; (2) overruling motion in arrest of judgment; (3) error in giving the following instructions: "The finding of stolen property in the possession of another, shortly after said property had been stolen, raised the presumption of guilt as against the person in whose possession the same is found;" (4) in pronouncing judgment upon the verdict returned by the jury, and in sentencing said defendant to imprisonment in the state penitentiary.

Section 10,686, Comp. Laws 1913, is as follows: "Things as to which allegation must be certain and direct. The allegations of the information or the indictment must be direct and certain as regards (1) the party charged; (2) the offense charged; (3) the particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

The demurrer is to the effect that the information does not charge a public offense. The information, if it does not charge that the property stolen, to wit, the beef and pork, were the property of Sjol Brothers, would not, we believe, state a public offense.

An inspection of that part of the information above set forth will disclose there is no allegation which, if given the most liberal construction, states that the property alleged to have been stolen, at the time of the alleged larceny, was the property of Sjol Brothers.

The statement in the information, "then and there the property of Sjol Brothers, and not the property of the person, or persons, unknown," may just as readily be understood to refer to the ownership of the slaughterhouse as to the ownership of the alleged stolen property. The words following those just quoted, "and with the intent to deprive the owner thereof; then and there of the value of $200," are just as readily understood as referring to the slaughterhouse as to the property alleged to have been stolen.

The arrangement of the language and the sentences are so entirely out of order, the modifying clauses are so far removed from the main sentences, which, perhaps, they were intended to modify, that all connection between them is lost. They are so arranged following other principal sentences, that it is impossible to determine which sentence they were intended to modify.

We think that ownership is a circumstance which, in this kind of case, should be clearly alleged in the information. In this case, it should clearly appear, by a proper allegation, that the property alleged to have been stolen was owned by Sjol Brothers. This would negative the proposition that the property was owned by the defendant; for, if he owned the property, or had an interest in it, he would be entitled to take it, or receive it, etc.

The whole information is so uncertain, in the charging part, that it is difficult to see how the defendant could understand with what offense he was charged, if any. We think the information in this regard is bad, and that the demurrer to it should have been sustained, and that not to do so was reversible error.

The giving of the following instruction of law, by the court, is assigned as error. The instruction reads thus: "The finding of stolen property in the possession of another, shortly after said property has been stolen, *raises the presumption of guilt as against the person in whose possession the same is found;* but this presumption, however, is a rebuttable one, and if the possession is explained to the satisfaction of the jury, then this presumption is overcome and should not be considered as any evidence of the guilt of the accused. The finding of property in the possession of the defendant, which has been stolen, is, of course, not, in itself, sufficient to warrant a conviction, but is merely a circumstance to be considered by the jury in passing upon his guilt or innocence."

The evidence in the case is not before us. We cannot, therefore, know what, if any, evidence there was showing, or tending to show, that defendant had possession of the personal property in question, or what the evidence was, with reference to the identity thereof. It is certain, however, if there were any, even though it may have been slight, that the giving of the foregoing instruction foreclosed the case against defendant.

The jury could do little less than return a verdict of guilty, for the court in the instruction had told it that the presumption of guilt was raised against the defendant; in other words, that he was presumed to be guilty, as shortly after the property had been stolen, it was found in his possession, unless the possession could be explained to the satisfaction of the jury, when it would not be considered as evidence of guilt.

The instruction was entirely too broad in its language, and must have had a far-reaching and prejudicial effect on the minds of the jurors. If the property were found in the possession of the defendant, shortly after the same was stolen, that was a fact or circumstance, considered in connection with other competent proof and the whole testimony, from which the jury could draw an inference of defendant's guilt. This is a wholly different matter than where it is, in effect, instructed by the court, that the possession of the personal property, shortly after it has been stolen, is a presumption of guilt.

The inference which the jury may draw from the possession of the stolen property is legitimately based upon the power, authority, and duty of the jury to determine questions of fact, and this, independent of any powers possessed by the court.

If there is some evidence of possession of the stolen property, and if the court, in effect, instructs the jury that that fact alone raises a presumption of guilt, it has, to a large extent, invaded the province of the jury, and has determined, for it, an important question of fact; and this it has no authority in law to do. The duties of the court and the jury are entirely dissimilar, separate, and distinct.

What has been said with reference to this error is, we think, sustained by the weight of authority. "When a person is found in possession of recently stolen property, it is usually held that the burden of accounting for such possession rests upon him, or, as it is commonly put, that the possession of itself raises a presumption against the accused which will justify conviction, if he does not meet it by a reasonable explanation."

"Whatever be the law as to the presumption of guilt, it is everywhere agreed that the presumption is one of fact, not of law; the jury must pass on all the evidence. And it is error to charge that there is a legal presumption of guilt, or that the law presumes guilt. And the

weight to be given to such evidence is for the jury alone; under no circumstances is the presumption conclusive." 25 Cyc. 133–135.

The same rule is recognized in the state of Nebraska, in Robb v. State, 35 Neb. 285, 53 N. W. 134. This principle was also recognized in the case of State v. Rosencrans, 9 N. D. 164, 82 N. W. 422, where the court said: "As we have seen, there was evidence both of recent and personal possession of the stolen property in the defendant, and it was for the jury to say whether his explanations removed or increased the inference of guilt deducible from such possession."

To the same effect is the case of Brooke v. People, a Colorado case, 23 Colo. 375, 48 Pac. 502. In the case of State v. Humason, 5 Wash. 499, 32 Pac. 111, the trial court gave the following instruction: "The possession of stolen property recently after the larceny thereof is evidence tending to show such possession to be a guilty one; and if such possession is unexplained, either by direct evidence or by the attending circumstances, or by the character and habits of life of the possessor, or otherwise, it may be taken by the jury as conclusive evidence of the possessor's complicity in the larceny of the property."

On appeal, the supreme court of that state held this instruction erroneous, and in the opinion uses the following language: "The jury should simply have been told that they were the sole judges of the facts and of the weight to be given to each particular fact; that the possession of this property, by the defendant (if it was necessary to refer to it at all) if it had been proven to them beyond reasonable doubt, that it was stolen property, was one of the facts which they were authorized to consider, with all the other facts and circumstances in the case, in determining the guilt or innocence of the defendant; and that, if from all these facts they were satisfied, beyond a reasonable doubt, that the defendant had participated in planning, aiding, advising, or abetting the actual thief in taking the cattle, their verdict should be that of guilty."

In the case of State v. Walters, 7 Wash. 246, 34 Pac. 938, the court in holding an instruction erroneous, which was of the same general character as the one above referred to, stated in the opinion the following: "The possession of recently stolen property may or may not be a criminating circumstance, and whether it is or not depends upon the facts and circumstances connected with such possession. It is a cir-

cumstance to be considered by the jury in connection with all the other evidence in the given case, in determining the guilt or innocence of the accused; and its weight, as evidence, like that of any other fact, is to be determined by them alone. Any presumption that may be drawn from such possession *is a presumption of fact merely; in other words, it is only an inference that one fact may exist from the proof of another, and does not amount to a rule of law.*"

The cases which we have cited are of that class only, where the person in possession of the property was directly charged with and prosecuted for larceny, and that the rule is properly applied in those cases, we think, must be conceded. We think it needs no argument to demonstrate that, if the rule, as stated, and where the charge is larceny, properly defines the presumption as one of fact, the inference from which is to be drawn and determined by the jury, that, at least, no stronger rule could obtain where the charge against the defendant is not one of larceny, but of buying or receiving stolen property.