## STATE OF NORTH DAKOTA, Appellant, v. GEORGE LENNICK, Respondent.

### (182 N. W. 458.)

**Larceny — presumption from unexplained possession applicable to possession of another in another jurisdiction.**

1. The presumption of fact that the recent possession of stolen property not satisfactorily explained is an evidentiary fact from which the crime of larceny may be imputed equally applies when such property is found in the possession of another in another jurisdiction.

**Criminal law — failure of justice to indorse on complaint formal order binding defendant over held not to deprive court of jurisdiction.**

2. For reasons stated in the opinion, it is *held* that the failure of the justice of the peace to indorse upon the complaint the formal order required by § 10,611, Comp. Laws 1913, did not deprive the trial court of jurisdiction.

Opinion filed March 19, 1921. Rehearing denied April 4, 1921.

---

NOTE.—That there seems to be quite a conflict of authority on the question as to whether the possession of goods recently stolen, where such possession was not satisfactorily explained and the burglary and larceny were proved, has been held to be prima facie evidence of guilt, will be seen by an examination of cases collated in a note in 12 L.R.A.(N.S.) 199, on possession of recently stolen property as evidence of burglary and larceny.

Criminal prosecution for larceny, in District Court, Mercer County, *Hanley*, J.

From an order granting a new trial after conviction by the jury, the state has appealed.

Order reversed.

*John Moses*, State's Attorney, and *Miller, Zuger, & Tillotson*, for appellant.

"Venue need not be proved beyond a reasonable doubt, and may be proved by circumstantial evidence." Fuller v. Territory (Okla.) 99 Pac. 1098; Brunson v. State (Okla.) L.R.A.1918B, 1187, 1188, 111 Pac. 988.

The presumption of guilt from the unexplained possession of recently stolen property is for the jury. State v. Ross, 179 N. W. 993; State v. Davis (Iowa) 179 N. W. 514.

*Halpern & Rigler* and *Sullivan & Sullivan*, for respondent.

"Where there is no proof of some material fact, or where proof of such fact which is plainly insufficient, a new trial ought to be granted." 12 Cyc. 732, and cases cited.

The information must allege the commission of the crime within the jurisdiction of the court. Comp. Laws 1913, 10,693, subd. 4.

The failure to prove the place (even though the place proven is within the jurisdiction of the court, and in the same county) alleged in the information is a fatal variance. State v. O'Neal, 19 N. D. 436, 124 N. W. 68; State v. Kelly, 28 N. D. 5, 132 N. W. 223.

The court had no jurisdiction to receive or file the information, and the same should have been quashed. People v. Wilson, 93 Cal. 377, 28 Pac. 1061.

BRONSON, J. The defendant was convicted upon an information charging him with the larceny of three milch cows in Mercer county. The trial court ordered a new trial upon the insufficiency of the evidence to show the commission of the crime in Mercer county. The state has appealed from the order. The complainant was a farmer in Mercer county engaged in the dairy business. On May 26, 1920, in the morning, he put ten milch cows and some other cattle in a pasture on his farm, consisting of some 200 acres fenced. This pasture had two gates, and in places the fence was not in good condition, although

it was in such shape that the cattle would not get out. In the evening one of his boys reported three milch cows missing. During three days thereafter the complainant searched throughout the surrounding neighborhood, and was unable to locate the missing cows. On June 8, 1920, upon information furnished, he found the cows upon the defendant's farm, some 40 miles distant from complainant's farm. The cows had been rebranded "K. L." over the brand of the complainant. Theretofore the cows were branded "M. F.," the registered brand of the complainant. Upon the next day the complainant returned, and, not finding the defendant or his wife there, took the cows back to his farm. Later he caused the defendant to be arrested for larceny, and, upon the preliminary examination before a justice of the peace, the defendant was bound over to the district court.

In a conversation which the complainant had with the defendant at the time of the preliminary examination and afterwards, the defendant admitted that he had got the brand from his father, a neighbor of the complainant in Mercer county; that he branded the cows; that he purchased them from one Schaffner on May 26, 1920, and had brought them to the farm on May 27, 1920; that he had given to Schaffner a note and mortgage for such cows. After the preliminary examination, the defendant went to see the complainant, and made some offer of settlement by stating that he would work his whole life to pay for the trouble.

Schaffner, as a witness, testified that he did not sell these cattle to the defendant; that he never received any note or mortgage from him therefor; and that he had not seen the defendant until he came out with an attorney to see him (which was after the cows had been taken back by the complainant). The pasture of the complainant was about 4 miles from the Dunn county line. No direct evidence appears in the record that the defendant was within the county of Mercer between the time when the cows were lost and were found. At the trial, on the conclusion of the state's case, the defendant moved to dismiss because of the failure to prove the commission of the crime within Mercer county, and then submitted the case without introducing any testimony in behalf of the defendant.

The justice of the peace, in his return of the proceedings had at the preliminary hearing, did not indorse upon the complaint or in his

docket the statutory formal order required by § 10,611, Comp. Laws 1913. The state contends that the evidence was sufficient for the jury to find that the crime was committed in Mercer county, and that the trial court abused its discretion in granting a new trial. The defendant maintains that the state wholly failed to prove the venue of the offense, and, further, that, in any event, the failure of the justice to make the indorsement required by law is fatal to the state's contentions.

The evidence adduced was sufficient to warrant the verdict of guilty returned by the jury. This the defendant does not deny. The jury also were warranted in finding that the defendant had the possession of stolen property, recently, after it was stolen. This gave rise to the presumption of fact that the recent possession of stolen property, not satisfactorily explained, is an evidentiary fact from which the crime of larceny may be imputed. State v. Rosencrans, 9 N. D. 163, 82 N. W. 422; State v. Ross, 46 N. D. 167, 179 N. W. 993. Upon this record, larceny, if any, was the stealing of the cows from the possession of the complainant. The trial court charged the jury that it was necessary and incumbent upon the state to prove beyond a reasonable doubt that the defendant did commit the crime charged in the county of Mercer, or that he did partly commit it in such county, before a conviction could be had. Upon this record, in connection with the presumption quoted, the jury were warranted in finding that the property was stolen from the possession of the complainant in Mercer county. This presumption quoted applies, likewise, when such property is found in the possession of another in another jurisdiction. McGuire v. State, 6 Baxt. 621; Graves v. State, 12 Wis. 592; 25 Cyc. 134. The trial court accordingly abused its discretion in granting a new trial.

We are further of the opinion that the trial court did not err in refusing to set aside the information because the justice of the peace did not make the formal indorsement upon the complaint or in his docket, pursuant to § 10,611, Comp. Laws 1913. It appears from the proceedings had before the justice that a preliminary hearing and the rights and privileges prescribed by law were accorded to the defendant. No prejudice to the defendant is shown by reason of the justice's failure to make the indorsement or entry in the formal words of the stat-

utc.  Pursuant to the order and commitment of the justice, binding the defendant over to the district court, the defendant duly gave bond for his appearance in the district court.  The justice should have followed the statutory requirement, but in the absence of prejudice shown the objection is highly technical.  See State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Johnson, 34 S. D. 601, 149 N. W. 730; People v. Wallace, 94 Cal. 497, 29 Pac. 950; People v. Tarbox, 115 Cal. 57, 46 Pac. 896.  After the case was called, and after the defendant had made his plea, consent was requested and granted to withdraw such plea, and then, orally before the court, the motion was made to set aside the information upon such grounds, which motion was denied. The statute requires that such motion be made in writing subscribed by the defendant or his attorney, and that it must be made before the defendant demurs or pleads, or the objection is waived.  Comp. Laws 1913, § 10,729.  In view of such proceedings, where technicality meets technicality, the jurisdiction of the trial court, when retained, should not be disturbed.  The order of the trial court is accordingly reversed.

ROBINSON, Ch. J., and CHRISTIANSON and BIRDZELL, JJ., concur.

GRACE, J.  I concur in the result.