STATE OF NORTH DAKOTA, Respondent, v. JOHN R. SCHOOK, Appellant.

(222 N. W. 267.)

Opinion filed December 1, 1928.

*W. J. Austin,* for appellant.

*C. A. Whipple,* State's Attorney, and *F. J. Graham,* for respondent.

NUESSLE, Ch. J. , The defendant was arrested on a forgery charge. He was taken before a magistrate for preliminary examination. He demanded that the testimony taken be reduced to writing. Thereafter he stipulated with the state

"That the proceedings in this preliminary hearing be taken down in shorthand . . . and that upon request of either party they shall be transcribed. . . ."

The hearing proceeded. Witnesses were examined. The testimony was taken down in shorthand in accordance with the stipulation. The magistrate bound the defendant over to the next term of the district court. Subsequently the shorthand notes of the testimony were transcribed and were signed by the several witnesses in the presence of the magistrate before the record was sent forward to the district court. It does not appear upon whose demand this was done. At the next term of the district court the defendant was informed against on the charge on which he was bound over. Upon being arraigned he moved pursuant to § 10,728, Comp. Laws 1913, that the information be set aside on the ground that the requirements of the statute, § 10,605, Comp. Laws 1913, as amended by chapter 220, Sess. Laws 1927, had not been complied with, in that the testimony had not been taken down in writing and subscribed by the witnesses who gave the same in the presence of the defendant, and that therefore he had had no proper preliminary examination. The court denied the defendant's motion. The defendant excepted. Thereafter he entered his plea of not guilty, was tried to a jury, found guilty and sentenced. This appeal is from

the judgment of conviction. The sole ground now urged for a reversal is the action of the court in denying his motion to set aside and quash the information.

The statute, § 10,605, Comp. Laws 1913, as amended, clearly gives a defendant the right to have the testimony taken at his preliminary examination reduced to writing in the form of depositions. Assuming without deciding that this statute contemplates that such testimony when taken in the form of depositions shall be subscribed by the witnesses giving the same, the state contends that even so, the defendant consented that the testimony need not be signed by the witnesses and therefore cannot complain. It seems to us that the state's contention is sound. The right to a preliminary examination is statutory (see State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Gottlieb, 21 N. D. 179, 129 N. W. 460), and it may be waived. Comp. Laws 1913, § 10,595. Since the right to a preliminary examination is statutory and may be waived, any act incidental to such an examination may be waived. So, if the stipulation entered into by the defendant evidences either an express consent that the witnesses examined need not sign the transcript of their testimony or a waiver of the requirement that this be done, then the defendant has no case. Now it is true that the defendant demanded that the testimony be taken in writing in accordance with the statute. But subsequently he entered into the stipulation heretofore quoted. This stipulation provided that the testimony might be taken in shorthand and that the shorthand notes were not to be transcribed unless demanded by one or the other of the parties. It does not affirmatively appear that either side demanded that the notes be transcribed, though this was later done. It seems clear that the parties contemplated that the testimony need not be signed by the witnesses in the presence of the defendant. Surely there was no demand that they should do so, and just as surely no objection was raised by the defendant to what was done until he was arraigned. This being so there was, in any event, no sufficient ground for the motion and the court properly denied the same. See 16 C. J. 328, and cases cited.

The judgment is affirmed.

BURR, BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.