STATE OF NORTH DAKOTA, Respondent, v. LAWRENCE FRADET, Appellant.

(225 N. W. 789.)

Opinion filed June 6, 1929.

*W. J. Austin* and *Scott Cameron,* for appellant.

*Eugene F. Coyne,* State's Attorney, for respondent.

NUESSLE, J. Defendant was tried on a charge of unlawfully having possession of intoxicating liquor. The jury found him guilty. He moved for a new trial, but his motion was denied. Thereupon he perfected this appeal from the judgment of conviction.

Such of the facts as are necessary for an understanding of the case will hereafter be recited in disposing of the points raised on the appeal.

The defendant first urges as ground for reversal that he had no proper preliminary examination. It appears that when he was arrested he was taken before a magistrate for such an examination. He demanded that the testimony be reduced to writing pursuant to the provisions of § 10,605, Comp. Laws 1913, as amended by chapter 220, Sess. Laws 1927. The examination was then had. The justice pursuant to the defendant's demand reduced the testimony to writing. Certain of the witnesses, however, did not sign their testimony thus writ-

ten down, and certain of the witnesses who did sign their testimony did not do so in the presence of the defendant or at the time of the trial. The defendant was bound over to the next term of the district court. He was then informed against on the charge on which he was bound over. He appeared with counsel and on being arraigned stated to the court that he was ready to plead. He thereupon entered his plea of not guilty. Thereafter he moved in open cour pursuant to § 10,728, Comp. Laws 1913, that the information be set aside on the ground that the requirements of the statute, § 10,605, supra, had not been complied with. This motion was not in writing. The motion was denied and the case went to trial.

The defendant, of course, was entitled to a preliminary examination. Likewise he was entitled to have the testimony taken on such examination reduced to writing. Section 10,605, supra, as amended. But a preliminary examination may be waived. Comp. Laws 1913, § 10,595. And accordingly any act incidental to it may be waived. State v. Schook, 57 N. D. 401, 222 N. W. 267. If a defendant has not had a proper preliminary examination he, upon his arraignment, may move to set the information aside. Section 10,728, supra. But the motion to set aside must be in writing and must be made before the defendant pleads or the objection is waived. Comp. Laws 1913, § 10,729. Here, the motion was made after plea and was not in writing. The defendant contends that the court permitted him to make the motion, heard him upon it and then ruled, so that in effect he was permitted to withdraw his plea for the purpose of making the motion. Furthermore, he insists that no objection was made on account of the motion not being in writing and it is over technical on the part of the state to say at this time that on account of the time and the manner in which the motion was made the objection to the information must be considered as waived. On the other hand, the state likewise urges that the defendant is over technical; that the statute, § 10,605, supra, was substantially complied with; that the testimony was reduced to writing, and though the witnesses did not sign such testimony, nevertheless the defendant has not been prejudiced in any way by this omission.

The case of State v. Lennick, 47 N. D. 393, 182 N. W. 458, disposes of this point. We there said: "After the case was called, and

after the defendant had made his plea, consent was requested and granted to withdraw such plea, and then, orally before the court, the motion was made to set aside the information upon such grounds, which motion was denied. The statute requires that such motion be made in writing subscribed by the defendant or his attorney, and that it must be made before the defendant demurs or pleads, or the objection is waived. . . . In view of such proceedings, where technicality meets technicality, the jurisdiction of the trial court, when retained, should not be disturbed." This exactly fits the instant case.

The defendant further urges as grounds for reversal certain rulings of the trial court in receiving or rejecting evidence and that the evidence is insufficient to sustain the verdict as returned by the jury. Though there were merit to these grounds, nevertheless they are not now available to the defendant. The defendant moved for a new trial. The motion was denied. This appeal is from the judgment only. All of the grounds urged on the motion for new trial have been abandoned. The defendant now for the first time urges the insufficiency of the evidence to sustain the verdict, and error of the court in ruling on objections to the introduction of testimony. The rule has been long established that "Where there is a motion for a new trial, rulings of the trial court constituting proper grounds for a new trial under the statute must be so presented; otherwise they will be deemed waived." And "The sufficiency of the evidence to sustain the verdict in a criminal action will not be reviewed on appeal unless the motion for a new trial specifies as error that the verdict is against the evidence." State v. Glass, 29 N. D. 620, 151 N. W. 229, and cases cited; State v. Dodds, 41 N. D. 326, 169 N. W. 578; Citizens State Bank v. Geisen, 51 N. D. 863, 200 N. W. 1007, and cases cited. The defendant, therefore, is limited to the grounds of error presented in his motion for a new trial. He has abandoned those grounds.

But, in any event, we have read the record and carefully examined the rulings of which the defendant complains. The trial court denied the motion for new trial. Apparently he was satisfied that no injustice had been done. We think that the evidence is sufficient to sustain the verdict as returned, and especially so in view of the trial court's refusal to grant a new trial. We likewise believe that no prejudice is

shown on account of the trial court's rulings as to the admissibility of evidence.

The judgment of conviction must therefore be affirmed.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.