STATE of North Dakota, Plaintiff
and Respondent,

v.

Kenneth Gerald RUDOLPH, Defendant
and Appellant.

Cr. No. 416.

Supreme Court of North Dakota.

Dec. 17, 1971.

Christensen, Christensen & Bear, Bismarck, for defendant and appellant.

Helgi Johanneson, Atty. Gen., Bismarck, Thomas L. Burgum, State's Atty., Jamestown, for plaintiff and respondent.

TEIGEN, Judge.

The defendant Kenneth Gerald Rudolph has taken this appeal from a final judgment entered in the district court of Stutsman County, North Dakota, the Honorable M. C. Fredricks, judge presiding, denying the said defendant relief under the Uniform Post-Conviction Procedure Act, Chapter 29–32 of the North Dakota Century Code.

The defendant Kenneth Gerald Rudolph and his brother Loren DuAyne Rudolph were convicted, by jury, of the crime of burglary on April 2, 1970. The defendant Kenneth Gerald Rudolph was sentenced to the state pentitentiary on April 15, 1970, for an indeterminate term of not less than three nor more than ten years.

On April 5, 1971, the defendant petitioned for a hearing pursuant to the Uniform Post-Conviction Act, Chapter 29–32, N.D.C.C., and the final hearing thereon was held on April 26, 1971.

In his application for a post-conviction hearing the defendant contends: (a) that

the conviction and sentence were in violation of the constitution and the laws of the United States and of the state of North Dakota; (b) that the court was without jurisdiction to impose sentence; and (c) that the conviction and sentence are subject to collateral attack upon grounds of alleged error heretofore available under common law.

On March 3, 1970, the Farmers Union Co-op Oil Station located in Medina, Stutsman County, North Dakota, was burglarized. The safe was broken open and $411.-62 was stolen. In addition, eight cartons of cigarettes were stolen. Thereafter, on March 5, 1970, this defendant and his brother were arrested, without a warrant, by the sheriff of Stutsman County in Bismarck, Burleigh County, and were taken directly to Stutsman County where, on the following morning, they were taken before a magistrate, who set bail. Bail was set by a district judge, sitting as a magistrate in the absence of the judge of the Stutsman County Court With Increased Jurisdiction. According to the order entered by the district judge, sitting as a magistrate, he advised the defendant of his constitutional and statutory rights and the details of the charge lodged against him. He was also advised that he would be taken before the judge of the Stutsman County Court With Increased Jurisdiction for a preliminary examination on such charge immediately upon the availability of a judge of that court. Thereafter, on March 30, 1970, the defendant was brought before the district court and a criminal information charging him with the crime of burglary was filed. Pursuant to the record made on arraignment, the defendant appeared personally with his court-appointed attorney and was arraigned on the charge of burglary to which he entered a plea of not guilty. The case was set for trial for April 1, 1970.

In these post-conviction proceedings the defendant, for the first time, alleges that his warrantless arrest was illegal; that after his arrest, which occurred in Burleigh County, he was not taken before a magistrate within Burleigh County as required by statute; that the Stutsman County sheriff, who was the arresting officer, had no authority or jurisdiction to convey him to Stutsman County; and that he did not waive or have a preliminary hearing before trial.

The defendant also alleges that he was not satisfied with the counsel appointed for him by the court and that the appointed counsel consulted with him but a few minutes before trial.

We will consider these issues in the order set forth.

The defendant contends that the sheriff of Stutsman County had no probable cause to arrest him without a warrant on the night of March 5, 1970. A review of the record discloses that, on the morning of March 3, 1970, the sheriff conducted an investigation of the burglary which had occurred sometime during the previous night at the Farmers Union Co-op Oil Station in Medina, Stutsman County, North Dakota. The investigation disclosed two sets of footprints in the snow that led from the door of the station, through which entry had been made, to the approximate position on a street where one of the town residents had seen a two-tone blue, 1958 Ford automobile parked with two men in it at about 2:30 a. m., on March 3.

About $411 had been taken from the station's safe, which had been broken into. This money consisted principally of bills, a great number of which were one-dollar bills. The sheriff learned that shortly before the bank had closed on March 2, the manager of the burglarized station had obtained fifty new one-dollar bills to be used as change at the station. The fifty one-dollar bills had been placed in the safe and were stolen with the rest of the money contained therein. Further investigation developed that the fifty new one-dollar bills, which had been obtained from the bank, were taken from a packet containing one hundred one-dollar bills so that the serial numbers were in sequence. In this

manner the sheriff obtained the serial numbers of the stolen bills.

Subsequent investigation disclosed that the defendant and his brother had gone to a service station in Bismarck on March 3, 1970, where they paid a $40 N. S. F. bank check which they had previously given at the service station. Later in the same day the manager of that service station had replaced a generator on an automobile for the defendant and his brother and was paid for his labor the sum of $4.00 in new one-dollar bills. In addition, the defendant and his brother purchased gasoline from another attendant at the same service station and paid for the gasoline with six one-dollar bills.

The investigation further disclosed that the defendant and his brother, on the same day, had gone to a barbershop in the city of Bismarck where each had his hair styled at a cost of $6.00 each. These services were paid for with one-dollar bills, at least one of which was a new one-dollar bill.

Continuing the investigation it was learned that, following the burglary, the defendant and his brother purchased a 1959 Buick automobile from a Bismarck garage for the sum of $95.00. They paid for it with fifty one-dollar bills and the balance with bills in other denominations. In an examination of the change contained in the barbershop and the garage, it was discovered that each still had in its possession a new one-dollar bill that matched a serial number of the stolen bills.

The investigation continued through the 3rd, 4th and 5th of March, 1970, and, on the evening of March 5, the defendant and his brother were found riding in the 1959 Buick automobile, which had been purchased in the city of Bismarck. They were stopped by the sheriff and placed under arrest for burglary.

On the basis of the facts disclosed above we find that there was reasonable cause to arrest the defendant, without a warrant, on a charge of burglary, which is a felony, as authorized by Section 29–06–15(3), N.D.C.C. State v. Chaussee, 138 N.W.2d 788 (N.D.1965). It also appears that, as an incident of the lawful arrest, the automobile in which the defendant was riding was searched and a quantity of cigarettes were found and properly seized. State v. Erdman, 170 N. W.2d 872 (N.D.1969).

Next, the defendant argues that because he was not taken before the nearest and most accessible magistrate in the county of Burleigh following his warrantless arrest, but was taken to Stutsman County, that Section 29–06–25, N.D.C.C., was violated. He argues that this constitutes a violation of the due process and equal protection clauses of the United States Constitution and of the state constitution. We do not agree. The defendant has cited no cases in support of his argument and we have found none. We find no constitutional violation. The violation is purely statutory. The record supports a conclusion that the defendant was brought before a magistrate in Stutsman County, which is adjacent to Burleigh County, less than twenty-four hours after his arrest, at which time he was advised of his constitutional rights and the charge against him, and bail was set. It is true that the arresting officer did not comply with Section 29–06–25, N.D.C.C., which provides that when an arrest is made by a peace officer without a warrant, the person arrested, without unnecessary delay, must be taken before the nearest or most accessible magistrate in the county where the arrest is made. However, the defendant has not shown that he was prejudiced because he was not taken before a magistrate in Burleigh County nor that he was deprived of a fair trial as a result. We have found that there was reasonable cause for the arrest and that it was lawful. For these reasons we find that he is not entitled to relief in these post-conviction proceedings on this ground. State v. Barlow, 193 N.W.2d 455

(N.D.1971); Fournier v. Roed, 161 N.W. 2d 458 (N.D.1968).

■ Next, the defendant claims that he was not given a preliminary hearing before a magistrate as provided by statute, nor did he waive his right to a preliminary hearing. It is the contention of the State that the defendant waived a preliminary hearing and was bound over to the district court for trial. However, the foregoing events occurred during a period when Stutsman County was undergoing a change of county judges, who sit as magistrates. The clerk of court testified that the magistrate's order binding the defendant over to the district court had been received by her but that it was sent back to the county judge for correction and had not been returned. The defendant denies that he waived preliminary hearing. The record alluded to by the clerk of court was not produced and is presumed to be lost. Therefore we conclude, for the purposes of this appeal, that the defendant did not waive a preliminary hearing and that a preliminary hearing was not held. However, a preliminary hearing is not a constitutional right provided by either the federal or state constitutions. It is merely statutory. The defendant has cited Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), and several United States circuit court and state court decisions, which have held that the preliminary hearing is a "critical stage" in a criminal prosecution. However, these cases are not applicable here as they involve cases in which preliminary hearings were held but the state had failed to provide counsel for the indigent defendants. Defendant reasons that if the United States Supreme Court has determined that a preliminary hearing is such a "critical stage" that counsel is necessary and must be provided, then it should naturally follow that in order to satisfy the constitutional requirements a preliminary hearing must be held, unless there has been a valid waiver thereof. In this case only fifteen days passed after the defendant's arrest and before the commencement of trial. Able and experienced counsel had been appointed before the arraignment and trial. There was no undue delay. Finding no United States Supreme Court decision holding that a preliminary hearing must be held to satisfy constitutional rights, we adhere to our former holding that a defendant in a criminal action has no constitutional right to a preliminary examination. Such a right is granted by statute only; therefore it follows that it is dependent upon and limited by the statutory provisions relative thereto. Green v. Whipple, 89 N.W.2d 881 (N.D. 1958); State ex rel. Johnson v. Broderick, 75 N.D. 340, 27 N.W.2d 849 (1947); State v. Hart, 30 N.D. 368, 152 N.W. 672 (1915).

Further, lest it be said that we have incorrectly construed *Coleman* and that a preliminary examination before trial is a Sixth Amendment right under the Federal Constitution, we believe the facts in this post-conviction proceeding establish that a preliminary examination was knowingly and effectively waived and, further, that the defendant has not shown wherein he was prejudiced. As we have pointed out above, our state laws specifically provide that the defendant, in a criminal prosecution, may move to quash an information if he has not had a preliminary examination (Section 29–14–04(3), N.D.C.C.). The defendant was represented by able and experienced counsel at the arraignment but no motion to quash was made on this ground. Further, his counsel advised the trial court, before trial commenced, that he was ready for trial. The statute providing grounds to quash an information provides a second step for the protection of the defendant's rights and, if the State has not granted the defendant his rights to a preliminary examination to which he is entitled, he may effectively assert his right thereto before he is arraigned on an information. For these reasons, if *Coleman* should be construed to hold that the Sixth Amendment grants a constitutional right to a preliminary examination, the same was knowingly waived in this case.

Section 29–09–02, N.D.C.C., provides that at each term of district court prosecutions will be on information when a grand jury has not been summoned and that " * * * the fact that a preliminary examination was neither had nor waived shall not invalidate an information unless the defendant shall object to such information because of such fact before entering his plea." Section 29–14–04(3) (b), N.D.C.C., makes it a ground for motion to quash an information when "the defendant was entitled to a preliminary examination before a magistrate before the filing of such information, but has not had such examination, and has been held to answer before the district court, and has not waived such examination in writing or orally before a magistrate." Section 29–14–12, N.D.C.C., provides:

"If the defendant does not move to quash the indictment or information before he pleads thereto, he shall be taken to have waived all objections which are grounds for a motion to quash except those which also are grounds for a motion in arrest of judgment."

Section 29–25–02, N.D.C.C., providing the grounds for a motion in arrest of judgment, does not specify as a ground the failure to have or waive a preliminary examination.

■ For these reasons it is clear that the right to a preliminary examination is waived unless the defendant, before entering his plea to a criminal information filed in the district court, moves to quash or set aside the information on that ground. This court has so ruled in a number of cases. State ex rel. Johnson v. Broderick, *supra;* State v. Boehm, 68 N.D. 340, 279 N.W. 824, 116 A.L.R. 547 (1938); State v. Ehr, 64 N.D. 309, 252 N.W. 60 (1934); State v. Fradet, 58 N.D. 282, 225 N.W. 789 (1929); State v. Schook, 57 N.D. 401, 222 N.W. 267 (1928); State v. Stepp, 48 N.D. 566, 185 N.W. 812 (1921); State v. Lennick, 47 N.D. 393, 182 N.W. 458 (1921); State v. Hart, *supra.*

■ The district court has exclusive, original jurisdiction of all felony criminal actions. State ex rel. Johnson v. Broderick, *supra;* State ex rel. Neville v. Overby, 54 N.D. 295, 209 N.W. 552 (1926); Sections 85, 86, 87, 103, 111 and 112, North Dakota Constitution. The defendant entered a plea of not guilty to the criminal information in district court on March 30, 1970, without having moved to quash the information on the ground that he was denied the statutory right of a preliminary examination. For the reasons set forth it is held that, under these circumstances, the preliminary examination was waived and cannot be raised for the first time in a post-conviction proceeding.

Lastly, it is argued that the defendant was deprived of assistance of counsel. In support of this argument it is claimed that the defendant's first conference with his court-appointed counsel was on the morning of April 1, 1970, just moments before the case went to trial, and that his court-appointed counsel was appointed only two days before that time. The defendant contends that his court-appointed counsel was not given time to investigate and prepare for the defense of the defendant. Subsequent to his conviction and while serving the sentence imposed by the court, another attorney was appointed for the defendant but this attorney, with the permission of the court, subsequently withdrew and the attorney who is now representing the defendant in these post-conviction proceedings was appointed.

The only evidence adduced in support of the defendant's contentions in these post-conviction proceedings that he was deprived of the assistance of counsel was the testimony of the defendant. During the hearing held on this post-conviction proceeding the state's attorney of Stutsman County asked the defendant's permission to call his court-appointed trial attorney as a witness but the defendant invoked the attorney-client privilege rule and the trial attorney was not called; neither did the defendant call him as a witness.

The official transcript of the trial, including the arraignment, discloses that this defendant was brought before the district court on March 30, 1970. At that time the defendant was present with his court-appointed attorney. Following the filing of the criminal information, the defendant's attorney asked to have the record show that he had been appointed by the court as attorney for the defendant on an indigency basis. In making this request the defendant's attorney stated to the court that, although he had been appointed "last Wednesday" which, according to the calendar, was the 25th day of March, the appointment had not been formalized by the court and he requested to have his appointment formalized so that he could be assured of payment for his services from the county. The matter was resolved, the court proceeded with the arraignment, and the defendant entered a plea of not guilty to the charge contained in the information. The case was set for trial on April 1, 1970, which was two days later. When the case came on for trial on April 1, 1970, the defendant's court-appointed attorney announced to the court that he was ready for trial. It thus appears that seven days elapsed from Wednesday, March 25, 1970, until the commencement of trial on Thursday, April 1, 1970. The court-appointed attorney is well known to this court as a competent and able attorney with more than twenty years' experience in the practice of law in this state. In denying relief in these post-conviction proceedings, the trial court stated relative to the court-appointed attorney as follows:

"I will take judicial notice of the fact that Mr. Jungroth is a very competent attorney and has always known what he is doing, and he was not prejudicing the defendant, or his brother, by representing them, and that at any time he has been in court that he does all that can be done for anyone he defends."

In addition to considering the evidence adduced at the post-conviction proceedings, we have also reviewed the transcript made by the official court reporter of the arraignment and the trial, and of the proceedings on sentencing, and have concluded that the defendant's court-appointed attorney rendered diligent and competent service. For the reasons stated, we find that the defendant was not denied the effective assistance of counsel within the meaning of the constitution of the United States or the constitution of this state.

The burden of establishing a basis for relief in post-conviction proceedings rests upon the petitioning defendant. State v. Riley, 183 Neb. 616, 163 N.W.2d 104 (1968); State v. Roth, 166 N.W.2d 564 (S.D.1969). We find that he has failed in this proof and that it does not appear, from the record of the trial or in these post-conviction proceedings, that the defendant's constitutional rights were violated, or that the trial court was without jurisdiction to impose sentence, or that the defendant has sustained the burden of proof in his collateral attack upon grounds of alleged error available under common law.

For the reasons aforesaid, we affirm the judgment denying this defendant relief under the Post-Conviction Procedure Act.

STRUTZ, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.