## THE TOWN OF ELDORA v. BURLINGAME.

1. **Criminal Law :** INFORMATION UNDER TOWN ORDINANCE: DUPLI-CITY: SURPLUSAGE. Where an information under a town ordinance charges an offense punishable under the ordinance, and also an offense punishable only under the laws of the state, the information is not bad for duplicity, but that portion charging an offense of which the town has no jurisdiction may be disregarded as mere surplusage, and it will not vitiate a judgment of conviction for the other offense.

2. ———: ———: ———. Where a town ordinance authorized "any number of violations of the ordinance to be included in one complaint," an information under the ordinance, charging more than one offense as defined therein, was not bad for duplicity.

3. **Cities and Towns:** ORDINANCE: PART ILLEGAL—REMAINDER VALID. Where an ordinance, besides prohibiting the sale of malt and vinous liquors, which the town had authority to do, prohibited also the sale of intoxicating liquors, which it had no power to do, *held* that the ordinance could be enforced as to the sale of malt and vinous liquors.

4. ——: ——: EVIDENCE OF PUBLICATION. In the absence of a statute to the contrary, oral evidence is competent to prove the publication of an ordinance.

5. ——: PASSAGE OF ORDINANCE: SUSPENSION OF RULES: PRESUMPTION. Where the record of a town council recites that the rules were suspended upon the passage of an ordinance, the record will, in a collateral proceeding, be conclusively presumed to be correct, though it fails to show the number of votes cast for and against the proposition to suspend.

*Appeal from Hardin District Court.*

THURSDAY, OCTOBER 18.

THE defendant was convicted upon an information filed with the mayor of plaintiff charging him with the violation of a town ordinance forbiding the sale of vinous, malt and intoxicating liquors. Upon an appeal to the district court, a like judgment was entered.

*Huff & Pillsbury*, for appellant.

No appearance for appellee.

BECK, J.—I. The information is in two counts, the first charging defendant with selling, contrary to a town ordinance, "intoxicating, malt, fermented and vinous liquors, to-wit: beer, porter ale, wine and mixed intoxicating liquors." The second count charges the sale of "spirituous, malt, fermented, intoxicating and mixed liquors, to-wit: beer, ale, wine, and mixed intoxicating liquors," contrary to the provisions of the ordinance. In the district court the defendant demurrd on the grounds: First, the information charges a crime punishable by the laws of the state; second, each count is bad for duplicity, in that it charges more than one offense. The

The Town of Eldora v. Burlingame.

demurrer was overruled, which is now complained of by de-
fendant.

II. It is alleged that the information charges the selling of
intoxicating liquors other than beer, ale and wine, which is
1. CRIMINAL an offense punishable under the law of the state.
law: inform-
ation under For the purposes of the case, let this position be
ordinance:
duplicity: admitted. But the information also charges the
surplusage.
sale of beer, ale and wine, and the sale of these liquors may
be punished by the town ordinance. This cannot be and is
not denied. We have the case, then, of the charge of two
offenses, or two classes of offenses, one of which is punishable
under the town ordinance and the other is not. The allega-
tions as to the offense not punishable under the information
will be regarded as mere surplusage, just as though it had
included a charge of treason or other felony. But this would
not affect the charge of the offense within the jurisdiction of
the town, and its judicial officer, the mayor.

III. It is insisted that both of the counts are bad for dupli-
city, in that each count charges more than one offense. So far
2. THE SAME. as this objection is based upon the fact that the in-
formation charges the offense of selling spirituous
liquors, which is punishable only under the statutes of the
state, it is answered by the consideration above stated, namely,
that the allegation of such charge is mere surplusage, and may
be disregarded. So far as it is based upon the fact that it
charges more than one sale of malt or vinous liquors, it is
answered by the consideration that the town ordinance author-
izes "any number of violations of the ordinance to be included
in one complaint."

IV. It is insisted that the ordinance is void, for the rea-
son that, besides prohibiting the sale of malt and vinous
3. CITIES and liquors, which the town has authority to do, it
towns: ordi-
nance: part also prohibits the sale of other intoxicating
illegal—re-
mainder liquors, which it has no power to do. But the ordi-
valid.
nance will be supported and enforced so far as it is within
the lawful authority of the town, and will be held for naught

The Town of Eldora v. Burlingame.

in so far as it attempts to exercise power not conferred by the state. Therefore, its provisions prohibiting the sale of beer, ale and wine will be held valid, and will be enforced. The ordinance was properly admitted in evidence.

V. Oral evidence was admitted against defendant's objection to prove that the ordinance under which the prosecution

4. ——: ——: is had was published in a newspaper as required
evidence of
publication. by law. In the absence of a statute to the contrary, oral evidence is competent to establish the fact of publication. The ordinance, being found in the proper record of the town, in its form as published, was at least *prima facie* admissible. If the publication was disputed, the fact was properly established by oral testimony.

VI. The defendant offered oral evidence to prove that the

5. PASSAGE of record of the council, showing the passage of the
ordinance :
suspension of ordinance upon a motion suspending the rule
rules: pre-
sumption. requiring it to be read upon three different days, fails to establish the validity of the ordinance, for the reason that the rules were not suspended upon the vote of a competent number of councilmen. But the record recites that the rules were suspended, without showing the number of votes on the proposition, and in its support the law will conclusively presume, in a collateral action, that it is correct. See Dillon's Municipal Corporations, § 236. We have considered all questions discussed by counsel for defendant. The judgment of the district court is

AFFIRMED.