## THE STATE v. GOODE.

| 68 | 593 |
| 85 | 369 |
| 68 | 593 |
| 90 | 536 |

' 68 593
e125 502

1. **Instructions:** NO REVERSAL FOR ERROR WITHOUT PREJUDICE. Where the verdict could not have been different, under the evidence, had not the alleged erroneous language in the instructions been used, *held* that there could be no reversal on account thereof.

2. **Embezzlement:** MISNOMER OF INJURED PARTY. That the company from which the alleged embezzlement was made was called "Railroad Company" in the indictment and instructions, while its corporate name was "Railway Company," *held* to be immaterial.

3. **Practice in Supreme Court:** REVIEWING INSTRUCTIONS. This court cannot say that the jury was not instructed on a material point when the whole charge is not set out in the record.

4. **Embezzlement:** BY AGENT OF CORPORATION: AGE OF DEFENDANT. Under the statute, (Code § 3909,) embezzlement from a corporation may be committed by an agent, though he be under sixteen years of age; and an allegation in an indictment that he was over that age was superfluous, and proof of it was not necessary to conviction.

5. **Evidence:** ERRONEOUS ADMISSION: NO PREJUDICE. The erroneous admission of evidence, the exclusion of which could not have changed the verdict, *held* no ground for reversal.

VOL. LXVIII—38.

*Appeal from Page District Court.*

WEDNESDAY, APRIL 21.

THE indictment in this case charged that the defendant "being over sixteen years of age, and the agent and servant of the Wabash, St. Louis & Pacific Railroad Company, a corporation, * * * did then and there have, receive and take into his possession, by virtue of his employment * * * twelve hundred dollars, * * . * being the money of the said Wabash, St. Louis & Pacific Railroad Company, said defendant's employer, and that he, (the defendant) did then and there unlawfully, feloniously and fraudulently embezzle and convert to his own use," etc. A trial upon the indictment resulted in a verdict of guilty, and judgment was rendered upon the verdict. The defendant appeals.

*Geo. E. Clarke,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

ADAMS, CH. J.—I.   The defendant complains of the giving of an instruction in these words: "If you find from the evidence that the defendant * * * was 1. INSTRUC-TIONS: no re-versal for er-ror without prejudice. in the employ of the Wabash, St. Louis & Pacific Railroad Company, as its agent or servant, and that by virtue of said employment he received money belonging to said railroad company, as charged in the indictment, and that he embezzled and fraudulently converted the same to his own use, or that he took and secreted said money with the intent to convert the same to his own use, without the consent of said railroad company, then you will find the defendant guilty." One objection urged to the instruction is that it allowed the jury to find the defendant guilty if the evidence showed that he secreted the company's money with intent to convert the same, when the larceny with which he was charged in the indictment was not based

upon such fact, but upon the fact of actual conversion. The indictment was drawn under section 3909 of the Code. Under that section the defendant was guilty of larceny if he embezzled his employer's money, coming into his hands by virtue of his employment, by actual conversion, or by secreting the same with intent to convert. Whether, as the indictment did not charge larceny by secreting with intent to convert, it was proper to show that the larceny was committed in that way, and to ask a conviction for larceny so committed, we need not determine. The undisputed evidence shows that the defendant was guilty of larceny by actual conversion. Under the evidence, then, the verdict could not properly have been different, even if the instruction given had not embraced the part objected to. We are not able to see, then, that the defendant was prejudiced.

Another objection urged is that the railroad company was not named in its articles of incorporation, the "Wabash, St.

**2. EMBEZZLE-MENT: misnomer of injured party.** Louis & Pacific Railroad Company," as the instruction assumed, but the "Wabash, St. Louis & Pacific Railway Company." It appears from the evidence that the company was named in the articles as the defendant claims. It must be conceded, therefore, that it was wrongly named in the instruction. We may say, also, that it was wrongly named in the indictment. But a railroad is a railway, and conversely; and while there was a slight error in respect to the corporate name, we cannot regard it as possible that either the defendant or jury was misled. Nor can we hold that there is any danger of another conviction for embezzling the same money. It appears to us, therefore, that the defendant was not prejudiced.

II. To constitute the crime contemplated by the statute, it must appear that the money came into the defendant's

**3. PRACTICE in supreme court: reviewing instructions.** hands by virtue of his employment. It is said that the jury was nowhere so instructed. To this we may say that it does not appear that we

have all the instructions before us. Besides, the undisputed evidence shows that the defendant had authority to receive the company's money as their station agent, and did so receive it. It is true, the defendant's counsel denies that there was any evidence; but it is sufficient to refer to the testimony of Hitchcock and the defendant himself, and to say that we do not find any evidence in conflict with their testimony.

III. It is said that the defendant could not properly be convicted without evidence that the money was demanded of the defendant, and that there was no evidence of demand. Whether a demand was necessary we need not determine. Hitchcock, the traveling auditor of the company, employed to investigate station agents' accounts, investigated the defendant's accounts, and found him short, and demanded of him that he should make good the shortage, as appears from his testimony.

IV. The indictment charged that the defendant was over sixteen years of age. The court instructed the jury that it 4. EMBEZZLE- MENT: by agent of cor poration : age of defendant. was not necessary for the state to show that he was over that age. The defendant complains of this instruction. But, in our opinion, it is cor rect. Under the statute, the crime in question may be com mitted by the agent of a *corporation*, though under that age. It was charged that the defendant was the agent of a corporation, and it was so shown. The averment that he was over sixteen years of age was entirely superfluous. It is not a case of an averment made with unnecessary particu larity. If it were, it might be different.

V. The defendant complains of the admission of certain copies of letters. Whether the originals would have been 5. EVIDENCE: erroneous ad mission: no prejudice. admissible, and, if so, whether the copies were admissible, we do not determine. If they had been excluded, the verdict could not properly have been different; and the defendant was not prejudiced.

We have examined the entire record, and find no preju dicial error.                                               AFFIRMED.