## STATE OF IOWA v. SILAS EAN, Appellant.

**Adultery: Evidence.** Defendant, a married man, and another occupied two adjoining rooms with women, and defendant solicited intercourse of the woman not in his room, *held*, that a conviction will not be disturbed. (1)

**Accomplice: Corroboration.** The other man was not an accomplice, though he, too, may have been guilty of adultery. (1)

**Indictment: Needless Averment.** Where there is an averment that adultery was committed with a woman to the grand jurors ununknown, and that she was over eighteen years old, the last is surplusage and need not be proven. (2)

**Misconduct of Prosecuting Attorney.** Where guilt is clear, there will be no reversal, though an improper opening statement was made and highly improper questions asked, to which objections were sustained. (3)

*Appeal from Winneshiek District Court.*—HON. L. O. HATCH, Judge.

### THURSDAY, MAY 10, 1894.

THE defendant was indicted for the crime of adultery, convicted, and sentenced to the penitentiary for the term of one year. He appeals.—*Affirmed.*

*E. R. Acers* and *E. E. Cooley* for appellant.

*John Y. Stone*, Attorney General, and *Thos. A. Cheshire* for the state.

KINNE, J.—I. The indictment charged the defendant with having committed the crime of adultery by having carnal knowledge of a woman whose name was unknown to the grand jury, and who was over eighteen years of age. It contained other necessary averments. It is urged that the evidence does not support the verdict. The record discloses without conflict that defendant was a married man at the time the crime is alleged to have been committed; that his wife was the prosecuting witness before the grand jury and on the trial in the court below. The testimony shows: That two ladies called on the defendant at his hotel on June 26, 1892, in Decorah. That defendant and the ladies took supper together, and all left the hotel. That defendant did not appear there again until the next morning. That defendant and one Oleson met two ladies that evening at the railroad depot. That defendant and his companion thereafter left the women, and went to the hotel for a short time. That defendant and Oleson then went to two rooms in Steger's building. These rooms had no door between them,—simply an opening. That these two women came into these rooms, and that defendant occupied one of the rooms most of the night, and one of the women was in his room, and stayed there six or eight hours. That there was a bed in the room defendant was in. That about four o'clock in the morning defendant went into the room occupied by Oleson and the other woman, and insisted upon her coming to his room, and she refused, and he threatened to have her arrested if she did not accede to his wishes. Defendant then went out of the room, and, after he had gone, the woman who had been with him in his room

made her appearance. Soon after, a policeman arrested the women, and took them to jail. The beds in both rooms had been occupied. Now, it is true that no one saw defendant in the act of having connection with either of these women. The testimony is wholly circumstantial, yet was sufficient to warrant the verdict. It is said that the witness Oleson was an accomplice, and hence must be corroborated before a conviction can be had. But Oleson was not an accomplice. An accomplice is "one who is joined or united with another; one of several concerned in a felony; an associate in a crime; one who co-operates, aids, or assists in committing it." Black, Law Dict., title, "Accomplice." Oleson was in no way aiding or assisting defendant in the commission of the crime of adultery. Oleson may have been guilty of a crime himself, independent of defendant; but, however that may be, Oleson had no part in inducing or assisting defendant in committing the crime of adultery.

II. Error is assigned because the court, in its instructions, did not charge the jury that it was incumbent on the state to prove that the woman with whom the sexual intercourse was had, if any, was over eighteen years of age. It is alleged in the indictment that she was over eighteen years of age. It is conceded that the allegation was unnecessary, but it is claimed that, being averred, it must be proven. It has been held in this state that an unnecessary averment in an indictment may be treated as surplusage if, without it, the allegations are sufficient to charge the offense. *State v. Finan*, 10 Iowa, 19; *State v. Schilling*, 14 Iowa, 455; *State v. Ansaleme*, 15 Iowa, 44; *Town of Eldora v. Burlingame*, 62 Iowa, 32, 17 N. W. Rep. 148; *State v. Ormiston*, 66 Iowa, 143, 23 N. W. Rep. 370; *State v. Goode*, 68 Iowa, 593, 27 N. W. Rep. 772. Nor was it necessary to set out in the indictment the name of the woman with whom defendant had connection. In

charging that the offense was committed with a woman whose name was unknown to the grand jury, the indictment was as complete as though the name had been stated. Nor does it appear that the failure to set out the name worked to the defendant's prejudice. *State v. Goode*, 68 Iowa, 318, 27 N. W. Rep. 772; *State v. Crawford*, 66 Iowa, 593, 23 N. W. Rep. 684. Nor is it shown that the name of the woman could have been obtained at the time the indictment was found.

III. Error is assigned on account of the misconduct of the county attorney. In opening the case the county attorney stated to the jury that he expected to "prove that the defendant was arrested for seduction on the day he was married, and that on that day he took his wife to her father, and bid her good bye, and left her to take care of her babe and herself." He asked the prosecuting witness: "State whether, on or about the fifteenth of March, 1892, and before you were married to him, you had your husband arrested for seducing you." "State whether the defendant left you on the day you married him, and has since absented himself from you." To these questions objections were sustained. That the statement and questions were highly improper every lawyer must know. To presume that the county attorney supposed or believed them legitimate is to hold him unfitted for the position he was occupying. If there was any reasonable doubt in our minds as to the defendant's guilt, we should promptly reverse this case for these attempts to inject into the case matters which the county attorney must have known were improper. We have often had occasion to comment adversely upon similar conduct, and wish it understood that such conduct merits condemnation. It would have been proper for the trial judge to have warned the jury to avoid being influenced by these outside and improper matters. There could have been no other object in offering this testimony than to

prejudice the jury against the defendant. That it did not have that effect does not excuse the act. In this case we are unable to discover that defendant was prejudiced by the offered testimony. The court below had full opportunity for observing the effect of the attempted introduction of this testimony on the jury, and, by overruling the motion for a new trial, has virtually found it was without prejudice. In view of the entire record, we do not think it can be said that there is a reasonable presumption that prejudice resulted. *State v. Gadbois*, 56 N. W. Rep. (Iowa), 272.

IV. Other errors are assigned. We have considered them, and discover no prejudicial error. AFFIRMED.