## STATE v. REILLY.

### (133 N. W. 914.)

**Criminal law — testimony of accomplice — corroboration.**

    Under § 10004 of the Revised Codes of 1905, which provides that "a conviction cannot be had upon the testimony of an accomplice, unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof," it is not necessary that the corroborative evidence shall cover every material point testified to by the accomplice, or be sufficient in itself to warrant a verdict of guilty. If the accomplice is by such testimony corroborated as to some material fact or facts

Note.—Various phases of the question of the admissibility and sufficiency of testimony or declarations of an accomplice are treated in notes in 98 Am. St. Rep. 169, 177; 21 L.R.A.(N.S.) 878, and 35 L.R.A.(N.S.) 1084. That the court cannot permit a jury to convict on the testimony of an accomplice which merely tends to show the guilt of an accused is shown in Thorp v. State, 59 Tex. Crim. Rep. 517, 29 L.R.A.(N.S.) 421, 129 S. W. 607. And that a conspirator cannot be convicted upon the uncorroborated testimony of an accomplice is declared in Powers v. Com. 110 Ky. 386, 53 L.R.A. 245, 61 S. W. 735, 13 Am. Crim. Rep. 464; Com. v. Hollister, 157 Pa. 13, 25 L.R.A. 349, 27 Atl. 386. No evidence can be legally competent and sufficient to corroborate an accomplice, which does not tend to confirm the tes-

    22 N. D.—23.

tending to connect the defendant with the commission of the offense, the jury may from that infer that he speaks the truth as to all.

Opinion filed December 16, 1911.

Appeal from District court, Cavalier county; *Kneeshaw*, J.

James J. Reilly was convicted of maintaining a liquor nuisance, and appeals.

Affirmed.

*Geo. M. Price,* for appellant.

*Andrew Miller,* Attorney General, *Alfred Zuger,* Assistant Attorney General, and *G. Grimson,* State's Attorney, for the State.

BRUCE, J.    Appellant was convicted of the crime of keeping and maintaining a common nuisance, merely, a place where intoxicating liquors were sold and delivered to be drunk as a beverage, between December 15, 1908, and May 26, 1909, in the village of Osnabrock, Cavalier county.    Prior to the trial one James Wilkinson pleaded guilty to the charge of maintaining the same nuisance, and he was allowed to testify for the state in this case.    His testimony, as given on cross-examination by defendant's counsel, was in part as follows: "I myself was arrested and pleaded guilty to the charge of maintaining a common nuisance on the premises described in the complaint in this case.    I understood, when I pleaded guilty to that charge, that I was charged with running this place.    I have been talking about myself, and now come in here and say that Dr. Reilly was a proprietor of that place of business.    He got all the proceeds while I was there, and put me in charge.    He never told me that he was running the place him-

timony of the accomplice upon a point material to the issue, in the sense that it tends to prove the guilt of the defendant. United States v. Lancaster, 10 L.R.A. 333, 44 Fed. 896; State v. Kent, 4 N. D. 577, 27 L.R.A. 686, 62 N. W. 631. But the confirmatory evidence need not extend to the whole testimony of an accomplice, but, it being shown that he has testified truly in some particulars, the jury may infer that he has in others. United States v. Lancaster, supra. And a statutory requirement of corroboration of an accomplice to warrant a conviction on his testimony is sufficiently met by admissions and acts of the accused tending to connect him with the commission of the offense. State v. Chauvet, 111 Iowa, 687, 51 L.R.A. 630, 82 Am. St. Rep. 539, 83 N. W. 717.

self, or that he owned this stock there. The reason I say Dr. Reilly was a proprietor was because I said I turned over the proceeds to him, and that it was him I was working for." This witness Wilkinson was the principal witness for the state. His evidence in chief disclosed that he was in the actual charge and control of the premises, and made the sales; and counsel for appellant contends that no witness except Wilkinson testified to any control of the premises by the defendant Reilly, or any sales made by the defendant Reilly; nor is there anywhere in the record, outside of Wilkinson's testimony, any direct evidence to show that Reilly knew of Wilkinson's unlawful sales. There is no doubt that, as defendant contends, Wilkinson cannot be looked upon other than as an accomplice in the commission of the crime. State v. Kellar, 8 N. D. 563, 73 Am. St. Rep. 776, 80 N. W. 476; and it is also, no doubt, true, as contended upon this appeal, that no conviction of any crime can be had upon the uncorroborated testimony of an accomplice; that there must be other testimony tending to connect the defendant with the commission of the offense. State v. Kellar, supra. If, therefore, there is no corroborative testimony in the legal sense of the word, the judgment should be reversed. State v. Coudotte, 7 N. D. 109, 72 N. W. 913.

It is contended by the defendant that the only facts in the record, tending in any way to implicate the defendant, are the facts shown by the record books of the station agent, Conroy. That between February 4th and March 22d some forty-nine consignments of beer and whisky were received at the depot, consigned to the defendant, J. J. Reilly, and an order to the station agent, dated January 1, 1907, as follows: "Please deliver shipments to J. J. Reilly, or C. P. Franklin, to James Wilkinson. [Signed] J. J. Reilly." And that the signing of Reilly's name for such consignments (which was shown by the record books) was an admission merely of Wilkinson, the accomplice, and was uncorroborated. This contention, however, and the general contention as to lack of corroboration, are not borne out by the facts. The receipt of liquor in such large quantities as shown by the evidence in this case should certainly be considered some evidence, at least, of the consignee's intention to sell the same, or to have the same sold. Klepfer v. State, 121 Ind. 491, 23 N. E. 287; State v. Dahlquist, 17 N. D. 40, 115 N. W. 81. Witnesses other than Wilkinson testified that liquor was sold

in the store by Wilkinson. A drayman testified that he delivered some of the liquor at the store. Reilly himself testified that, though he had no financial interest in the store, he was looking after it for a certain Mrs. C. P. Franklin; that he was in the store nearly every day, sometimes twice a day, and used the store behind the prescription case for consulting patients, for convenience; that he looked after the financial end of the business, and had received money from Wilkinson, taken out from the till; that he had a supervisory interest in the hiring of help, and, "like Mr. Wilkinson, in the care of the business;" that the clerks obeyed him pretty well; that he remitted some of the proceeds of the till to Mrs. C. P. Franklin. The witness Wold also testified: "I have been told that he was doing business there. I know, from the fact that I have seen him there, and I have seen him handing out goods." He also testified that he and another person had sold the place to Reilly.

All this was corroborating testimony. It is not essential that such corroborative evidence should cover every material point, or be sufficient alone to warrant a verdict of guilty. State v. Kent, 4 N. D. 577, 27 L.R.A. 686, 62 N. W. 631. If an accomplice is corroborated as to some material fact or facts, the jury may, from that, infer that he speaks the truth as to all. 13 Cyc. 455; Bell v. State, 73 Ga. 572. If the trial judge is satisfied that there is evidence tending to connect the defendant with the commission of the crime, he may send the case to the jury, whose province it is to determine whether the corroboration is sufficient. People v. Mayhew, 150 N. Y. 346, 44 N. E. 971.

We cannot find any prejudicial error in the record, and we believe that essential justice has been done. The judgment of the District Court is affirmed.