## STATE OF NORTH DAKOTA, Respondent, v. E. E. SMITH, Appellant.

(199 N. W. 187.)

**Criminal law — evidence held to corroborate sufficiently accomplice as to larceny.**

1. In a prosecution for larceny of an automobile, it is *held,* for reasons stated in the opinion, that there is evidence sufficient within the requirements of § 10,841, Comp. Laws, 1913, providing that a conviction cannot be had upon the uncorroborated testimony of an accomplice, tending to connect the defendant with the commission of the offense.

**Larceny — instruction that unexplained possession of recently stolen property may be considered as circumstance in determining guilt held not erroneous.**

2. In a prosecution for larceny, where the defendant is held as a principal, under § 9218, Comp. Laws, 1913, on the theory that he advised and encouraged the commission of the crime, it is not error to instruct the jury that the possession of property recently stolen, unless satisfactorily explained, is a circumstance tending to show guilt and may be considered by the jury in determining the guilt or innocence of the accused.

**Criminal law — corroboration need not extend to every material point.**

3. The corroboration required by § 10,841 need not extend to every material point, or be sufficient, standing alone, to support a verdict of guilty. If the testimony of an accomplice be corroborated as to some material fact, or facts, the jury may infer that he speaks the truth as to all.

---

Note.—(2) Possession of recently stolen property as evidence of burglary and larceny, see notes in 12 L.R.A.(N.S.) 199; L.R.A.1915C, 734; 17 R. C. L. 71; 3 R. C. L. Supp. 637; 5 R. C. L. Supp. 1109; 5 R. C. L. Supp. 934.

(3) Statutory requirement as to corroboration of testimony of accomplice, see 1 R. C. L. 169; 1 R. C. L. Supp. 53; 4 R. C. L. Supp. 9; 5 R. C. L. Supp. 5.

**Larceny — that defendant did not advise stealing of specific automobile held not to exonerate him from liability as principal.**

4. Where the evidence tends to show that the defendant suggested to another a plan or scheme contemplating the larceny of an automobile, which the defendant agreed to accept from his confederate and for which he promised to pay $125, in addition to delivering to the confederate a second hand car, such defendant is not exonerated from liability as a principal under § 9218, Comp. Laws, 1913, because he did not advise the stealing of the specific automobile, or in detail direct the execution of the scheme resulting in the crime. It does not avail the defendant, in such a case, to show that his confederate was left free to exercise his judgment as to the means of accomplishing the criminal purpose contemplated in the original scheme.

**Instructions — held free from prejudicial error.**

5. Certain instructions of the trial court examined, and, for reasons stated in the opinion, held free from prejudicial error.

Opinion filed April 23, 1924. Rehearing denied June 12, 1924.

Criminal Law, 16 C. J. § 128 p. 135 n. 35; § 1457 p. 711 n. 20 New, 21, 24; § 1458 p. 712 n. 30. Larceny, 36 C. J. § 212 p. 797 n. 74; § 432 p. 873 n. 2; § 569 p. 941 n. 82.

Appeal from an order of the District Court of McHenry County, North Dakota, *Buttz,* J.

Affirmed.

*Aloys Wartner* and *E. R. Sinkler,* for appellant.

*Geo. F. Shafer,* Attorney General, and *Albert Weber,* for respondent.

JOHNSON, J. The defendant Smith was convicted of the crime of grand larceny. His motion for a new trial was denied. This appeal is from the judgment and from the order denying that motion.

The state's attorney informed against the defendant Smith and one Kyle, charging them with the larceny of an automobile committed on or about the 6th of July, 1922. Defendant Kyle pleaded guilty. He testified as a witness for the state when the appellant was tried, implicating Smith as the one who advised and encouraged the commission of the crime. Smith was not in Velva when the car was stolen, but was at his home several miles distant. It is the theory of the state that Smith, prior to the 6th of July, 1922, advised and encouraged Kyle to steal *an* automobile and agreed to exchange a car of his own

for an inclosed car, to be stolen by Kyle. The state relies on the provisions of § 9218, Comp. Laws 1913, which makes all persons, who have advised and encouraged the commission of a crime, principals, although not present when the crime is committed by the one advised and encouraged to commit the same.

Smith relies principally upon the contention that the testimony of Kyle, an accomplice, is wholly uncorroborated, in so far as it implicates appellant in the commission of the crime, and that, therefore, under the provisions of § 10,841, his conviction, resting, as he claims, upon the uncorroborated testimony of Kyle, cannot be sustained. Other errors are assigned by the appellant, but his principal reliance is upon the claim that there is insufficient corroboration of the testimony of Kyle to sustain conviction; also, that the testimony of Kyle himself does not support the claim that the defendant advised the stealing of the *specific* automobile which Kyle stole from one Welo at Velva on the 6th or 7th of July, 1922.

In order to understand the contentions of appellant, it is necessary to state in some detail the facts as they appear in the record. In the evening of July 6, 1922, one Welo, a resident of Velva in McHenry county, this state, left a Ford coupé standing in the street in front of his house with a key in the lock. The next morning, July 7, at about 7 o'clock, he discovered that the coupé had been stolen. When he left the automobile the night before, three of the fenders had slight cracks in them, roller curtains were on the inside on both sides and on the rear window; it had a large steering wheel, and was equipped with tires in serviceable condition. It also had 1922 North Dakota license tags attached, both in front and rear. The engine had a cracked cylinder head, which, however, had been welded so that the engine was in good working condition. The engine number was 3849116. On the 11th of July, the owner discovered his automobile in the garage owned or leased by the defendant Smith, in Harvey, about 75 or 80 miles distant from Velva. When he found the car, the engine number had been changed to 4841195, three new fenders had been put on, a new cylinder head had replaced the cracked one, four different casings had been put on, and the large steering wheel replaced by a smaller one; the side curtains and the license tags had been removed. The owner replevied the car from Smith and took it home as he found it. Smith did not

contest Welo's claim of title, or suggest that the new parts be removed and the old parts returned. There is nothing in the record to indicate what became of the parts taken from the car, except the testimony of Smith, to the effect that the parts are probably lying in or near the garage unless the casings have been carried away by boys in the neighborhood. All of the foregoing facts appear from the testimony of witnesses other than the defendant Kyle.

When the crime was committed, defendant Kyle lived at Kenmare and operated a horse drayline. Defendant Smith was a brakeman employed by the Soo Railroad on freight trains running between Harvey and Portal. The testimony tends to show that Smith and Kyle became acquainted at Kenmare sometime in May, 1922. Smith testifies that he met Kyle through introduction by one Mulligan, who suggested to Smith that Kyle might know of a car of the description that Smith wanted, namely, an inclosed car. Kyle testifies that he told Smith that he did not own an automobile and did not know of an automobile such as Smith was looking for; that Smith told him (Kyle) of towns along the road, one of such towns mentioned being Velva, where Kyle could get a car of the kind Smith wanted. Kyle then says that, acting on the information given him by Smith, he went to Velva about 1:30 on the morning of July 7, stole the automobile, drove it to Harvey, accompanied by another man, and reached Harvey at about 7:30 A. M. Kyle testifies that he made no alterations in the car and that when Smith received it, it was in precisely the same condition as when it was stolen. He states further that before taking the car, he went to Harvey and examined the Dodge car which Smith desired to exchange for an inclosed Ford and for the purpose of ascertaining whether Smith was still in the mood to carry out the bargain which Kyle claims was made. He testifies that the agreement was that Smith would pay him $125 and give him a new carburetor and his old Dodge car for the automobile that Kyle was to get. Kyle testifies that Smith was in bed when he arrived in Harvey on the morning of July 7; that he woke him up and that Smith came down, examined the Ford, and drove his own Dodge out of the garage, while the companion of Kyle drove the stolen Ford into Smith's garage. Kyle says that no questions were asked by Smith as to where the car came from and no information was given by Kyle on this point. Smith's testimony is substantially the same on

this point. No bill of sale was requested or received and no receipt given. The testimony further shows that Smith drew a check to himself for $100 and delivered the cash to Kyle, who waited outside. Kyle testifies that Smith said: "If the car is ever going to be picked up, I will protect you, but tell them that I (Kyle) never brought it there." This testimony as to the promise of protection is not denied by Smith. Kyle, as has been stated, confessed and served a sentence in the penitentiary.

On cross-examination Kyle says, "he [Smith] knew I was going to steal a car."

Q. You had told him you were going to steal a car? A. Yes, sir."

Again Kyle was asked: "Q. And had Mr. Smith expected you to steal this car for him? A. Yes, sir."

Smith, testifying in his own behalf, admitted the truth of certain portions of Kyle's testimony. He admitted having talked with Kyle at Kenmare about a trade of his Dodge for a Ford coupé or inclosed car and that he made the deal, substantially as testified to by Kyle, at Harvey on the morning of July 7, 1922. Smith explained that in backing the car out of the garage, he damaged the fenders and consequently replaced the old ones; that one casing had blown out while he was driving either in Harvey or near Harvey, explaining thereby the change in the tires. The explanation of the substitution of a new cylinder head for the cracked one is somewhat inadequate. Smith testified that when he heard the engine run, it was working all right, but he did not discover the cracked cylinder head until Kyle was gone, when he decided to change it. Smith testifies that one Roberts helped him to make these various changes that were made, but Roberts was not called to testify. Roberts procured the necessary parts and Smith gave Roberts the cash with which to pay for the repairs. Smith denies that he removed the side curtains. He further testified that he had to buy a new key for the rear compartment of the car because, on the morning of the 7th he broke the old key. He bought a new lock also, but found that the new key opened the old lock. The owner of the car testified that on the spare rim he found a different casing from the one which was there when the car was stolen. Smith testified that during

the summer he had talked to other people about exchanging his Dodge for an inclosed car; that when he examined the car on the morning of the seventh, the front tires were in good condition and that he did not change them. Welo states that the front tires had also been changed. Smith testified that when the car was delivered to him, it had no license tags on it and that he put one of the tags from his own Dodge on it; that he drove the car round town several miles and the engine worked all right. Smith admits that Kyle came to his room that morning and woke him up. Smith testified that the parts he removed from the car were left outside the garage or perhaps in it. He says he made no claim to the owner of the stolen car for the new casings or the new cylinder head, nor did he offer to put on the cracked head or the casings, other than the one he claims he blew out, which he removed. He did not resist the demand of the owner for the car. Smith admits that he asked no questions as to who owned the car or where Kyle got it.

One Blanding testified for the state that he was in the garage and repair business at Harvey and identified the parts which had been put on the stolen car, such as the fenders, the cylinder head and the two casings. Similar parts were delivered, the witness says, to Roberts.

Upon the foregoing testimony, the jury returned a verdict of guilty and the defendant contends that the evidence is legally insufficient to support the verdict. It is undoubtedly true, under § 10,841, Comp. Laws 1913, that the defendant Smith cannot be convicted upon the uncorroborated testimony of Kyle. Section 10,841 reads as follows:

"A conviction cannot be had upon the testimony of an accomplice unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof."

The testimony of Kyle unequivocally shows that defendant Smith suggested to, advised and encouraged him to steal an automobile. Smith denies that he knew or expected that Kyle would steal any car. It is not claimed by any witness that the particular car stolen was pointed out by Smith. This alone of course is not sufficient. There must be corroboration independent of the accomplice. It is well settled, however, that the corroboration required by the statute need not extend to every material point, or be sufficient, standing alone, to sup-

port a verdict of guilty. "If an accomplice is corroborated as to some material fact or facts, the jury may from that infer that he speaks the truth as to all." State v. Reilly, 22 N. D. 353, 133 N. W. 914. Without extending this opinion unduly in again rehearsing the evidence which has been heretofore summarized, we think that the corroborative testimony is sufficient to meet the requirements of the statute; that the weight and credibility of the same was for the jury; and that there is sufficient credible evidence in the record to support the verdict. State v. McCarty, 47 N. D. 523, 182 N. W. 754.

It is contended that even if the defendant Smith advised or suggested the stealing of *a* car, the conviction cannot be sustained, inasmuch as the evidence shows that *this particular* car was not within the contemplation of the parties. Counsel cites no authority for his position and we do not believe that any can be found. There is sufficient evidence in the record to support a finding by the jury that the defendant Smith suggested to Kyle a plan whereby Kyle would receive a second hand Dodge automobile and $125 from Smith if the former would steal an enclosed car and deliver it to the latter; that Smith suggested the names of places where such a car could be obtained; that Velva was one of them; and that Smith advised and encouraged Kyle to carry out the plan. Under such circumstances the defendant cannot escape liability as a principal, within the provision of § 9218, supra, by showing that he did not specifically identify the automobile to be stolen or in detail direct the execution of the scheme resulting in the crime charged; nor does it avail him to show that his confederate violated instructions, or that he was left free to exercise his judgment as to the means of committing the crime. See 16 C. J. 135, note 35.

The appellant complains of an instruction in which the court, in effect, told the jury that Smith could not be found guilty unless he had advised and encouraged Kyle to steal the identical automobile afterwards stolen. This instruction incorrectly states the rule, but the error is in favor of the defendant, casting upon the state a greater burden than the state was required to discharge, had the instruction correctly stated the law. The defendant can not complain.

The following instruction is alleged to be erroneous:

"A moment ago, in speaking to you of the matter of an accomplice

I said to you that Mr. Smith was an accomplice—I should have said Mr. Kyle, that is, Kyle admits that he is guilty of this crime as charged in this information and he testified upon the witness stand in this case against Mr. Smith, and Mr. Kyle is what is known as an accomplice, and the defendant Smith cannot be convicted upon the evidence of Mr. Kyle, whom it is claimed is an accomplice, except if he may have been corroborated by such other evidence as tends to connect the defendant Smith with the commission of the offense and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

The instruction correctly states the law. There is no merit in the objection made. Counsel cites no authority in support of his position.

It is claimed that the court erred in saying, in substance, to the jury that a man under the law may be guilty of the crime of grand larceny though he does not directly commit the act, if he aids or abets in its commission, or, not being present, has advised or encouraged its commission, although the court recalled the jury, all parties being present, and correctly and clearly stated "that Mr. Smith is not to be convicted of the crime charged in this information because of having aided and abetted in its commission because it is not claimed that he aided or abetted in its commission. A man can only do that when he is present at the time of the commission of the crime. Mr. Smith can only be convicted in this case because of having advised and encouraged the commission of the crime charged before it was committed. In order to be guilty of the crime of grand larceny as charged it must appear to the jury beyond a reasonable doubt that the defendant Smith had advised and encouraged,—had advised and encouraged the commission of this crime before it was committed by Mr. Kyle. Of course, you must be convinced also that the other material allegations are true, beyond a reasonable doubt, that are contained in this information." This instruction states the rule as favorably as the defendant had a right to require. The court supposed that the jury had been erroneously instructed on this point before, and recalled the jury to make this correction. No error was committed prejudicial to the defendant in making this correction or in giving this charge. Whether the first instruction was erroneous and the correction necessary, we need not determine. See, however, § 10,705, Comp. Laws 1913.

It is also claimed that the court erred in answering questions asked by jurors after the jury had returned to the courtroom, all parties present, for further instructions. It is asserted that the court, in effect, told the jury that such alterations could be regarded as "proven facts" in the case. The following questions and answers constitute the basis of this specification of error:

Juryman: The jury is not quite clear on the instructions of the court as to if they could use the evidence as to—that—or the defendant had changed the car, just the car.

Court: You mean with reference to the putting on of the new fenders? A. Juryman: Yes.

Court: Any new tires? A. Juryman: Yes.

Court: You want to know whether you have a right to consider that evidence or not?

Juryman: Yes, sir.

The court then said:

"Well, there is evidence in this case. gentlemen of the jury, to the effect that the defendant Mr. Smith and someone helping him did put some new fenders on this car and did put some new casings or tires on the car. You have heard that evidence and you have heard the defendant Smith's explanation of those matters. Those matters are evidence in this case and should be considered by you along with all other evidence and facts proven in this case. Of course, in that connection, *you should consider defendant's explanation* of the changing of those parts of the automobile. Does that answer your question?" (Italics are ours.)

The juryman answered "yes." Another juror then asked:

Has this got anything to do with the stealing of the car?

The court: That is, do you mean is that any evidence that Mr. Smith had anything to do with the crime?

Juryman: Yes.

The Court: Well, that is for you to say, for you to draw your conclusions. That is for the jury to say and not for the court.

After some more questions and answers, not necessary to relate, the court answered a juryman who asked: "But can we lead out far enough to take in the other evidence?" as follows: .

"All I can say to you, gentlemen of the jury, about the evidence in this case is this: that in passing upon the guilt or innocence of this defendant you should consider all of the evidence offered by the defense and after carefully considering all of the evidence in the case if you are of the opinion that the defendant Mr. Smith is not guilty of that crime or you have a reasonable doubt of his guilt, then you should return a verdict of not guilty. On the other hand, if after considering all the evidence in this case, you are convinced beyond a reasonable doubt that the defendant, Smith, although not being present at the time the automobile was stolen at Velva, nevertheless, was concerned in the commission of the crime charged by reason of having advised and encouraged its commission before it was committed, if you are satisfied of that together with all the other allegations of the information beyond a reasonable doubt, then you should return a verdict of guilty of grand larceny as charged in the information."

We have set out the instructions given after the jury was recalled quite fully. We are satisfied that no prejudicial error was committed. Moreover, it was not disputed that some alterations had been made in the car. The appellant particularly contends that it was error on the part of the court to give the portion italicised, as above quoted, on the ground that this limited the jury to a consideration of the explanation given by the *defendant* alone, whereas the jury should have considered all of the evidence, as well as that of the state, because of its tendency to explain the possession. The quotations we have made from the answers made by the court to the jury clearly show that the jury was expressly instructed to consider *all* of the evidence and *all* of the testimony, and that there was no prejudicial error resulting from the charge. State v. McCarty, 47 N. D. 523, 182 N. W. 754.

It is well settled that possession of recently stolen property, unless satisfactorily explained, is a circumstance that tends to show guilt and is to be considered with other evidence in determining the guilt or innocence of the accused. 17 R. C. L. 71 and cases cited. State v. McCarty, supra. State v. Ross, 46 N. D. 167, 179 N. W. 993; State v. McCarty, 49 N. D. 912, 194 N. W. 335.

We have considered all assignments of errors argued by defendant, and, finding no error in the record, the judgment of the trial court is affirmed.

BRONSON, Ch. J., and CHRISTIANSON, NUESSLE, and BIRDZELL, JJ., concur.