[Crim. No. 2025. Second Appellate District, Division One.—May 4, 1931.]

THE PEOPLE, Respondent, v. JACQUES LARRABEE, Appellant.

R. C. Hunting for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

HOUSER, J.—From a judgment following his conviction of the crime of grand theft, as well as from an order by which his motion for a new trial was denied, defendant has appealed to this court.

Briefly, the essential facts presented by the prosecution on the trial of the action were that prior to the commission of the offense of which defendant was charged, he and one McDougal were together confined in the county jail of Los Angeles County—the latter under a sentence of $300 fine or 100 days in jail; that because of the fact that defendant was about to be released from such confinement, McDougal entrusted to him for the purpose of mailing an unsealed letter addressed to a Miss MacKay, in the state of New Jersey, in which letter McDougal described his plight and asked Miss MacKay to help him; that on the day following Miss MacKay received a telegram which purported to have been signed and sent by McDougal, but which in fact was not signed or authorized to be signed by him. In substance, the telegram was to the effect that McDougal was in jail and requested that Miss MacKay send $350 to this defendant for the purpose of procuring the release of McDougal. At the bottom of the telegram the following notation appeared: "Sender's name, Jack Larrabee, . . ." The next day Miss MacKay, by a Western Union Telegraph Company money order, telegraphed $400 to McDougal, "care Mr. Jacques Larrabee". Later, on the same day, Miss MacKay received a telegram which was signed without the knowledge, consent or authorization of McDougal, but which purportedly was signed by him and by defendant, requesting her to "waive identification, make money payable to Larrabee immediately". In response to such telegram, Miss MacKay sent the following telegram, addressed to defendant: "I hereby waive identification on my money order to Donald McDougal and make money payable to Jacques Larrabee; . . ." which telegram defendant pre-

sented to the office of the Western Union Telegraph Company and on account thereof received from such telegraph company the sum of $400. Another telegram and a letter, each addressed to Miss MacKay, and bearing the name of defendant as the sender thereof—the latter of which accompanied the initiatory letter written by McDougal and entrusted to defendant for the purpose of mailing to Miss MacKay—were received by her. The telegram to which reference has just been had acknowledged receipt by defendant of the sum of $400; and the letter was descriptive of McDougal's situation, and included the statement that "he asks me to enclose this letter with his to somewhat verify the telegram (with request for aid) that has preceded this letter". McDougal testified that he never received any money from Miss Mackay, nor did he on his account or otherwise ever authorize defendant to receive any money from her. A deputy sheriff testified that defendant admitted to him that he had sent to Miss MacKay the telegrams to which reference hereinbefore has been had; and that he received the $400; but that he had given it to a man named McIvor, who, defendant said, had represented himself as a brother-in-law of McDougal.

█ Appellant urges that the judgment should be reversed and that he should be granted a new trial on account of a variance which he claims exists between the allegation in the information filed against him and the evidence adduced on the trial of the action, in that by the information he was charged with feloniously taking the sum of $400 "the property of Donald McDougal"; whereas the evidence disclosed the fact that the $400 was the property of Miss MacKay.

Assuming (without conceding) the correctness of appellant's conclusion as to the ownership of the $400, it is clear that the facts hereinbefore set forth bring the question within the principle announced in the case of *People* v. *Cloud,* 100 Cal. App. 792 [281 Pac. 79], where a similar question was raised by the appellant. It is there held that if it appear that the defendant has not been misled by the asserted variance and the identity of the stolen property has been established, so that in case of a second prosecution of the defendant for the same offense he may

readily protect himself by a proper plea, he has suffered no prejudice by reason of such variance.

Appellant also contends that "the evidence is insufficient to support the judgment of conviction, in that the prosecution failed to negative the fact that appellant did not use the $400 for the purpose of getting Donald McDougal out of jail by devoting and using the $400 involved in paying his fine or otherwise using it for the ostensible purpose for which it was sent to appellant by Agnes MacKay or that of getting McDougal out of his trouble for which he was serving time in jail".

But from the evidence adduced on the trial it is manifest that, with the felonious intention of depriving the owner of the $400 in question and by means of trick and device, or by false pretense, defendant fraudulently induced the owner of the money to part with its possession. Without regard to what disposition of the money was made by defendant, the crime was committed by him in feloniously abstracting the money from the possession of the owner thereof. As is said in *People* v. *Rial*, 23 Cal. App. 713, 719 [139 Pac. 661, 663], where a similar question was presented:

"It was not necessary that it should be shown that the property taken was applied to some use by the defendant or his confederates before the crime was made out. *When defendant obtained possession of the property of the complainant through the fraudulent means employed and with intent to deprive the owner thereof, the crime was complete;* . . ." (See, also, *People* v. *Dean*, 52 Cal. App. 535 [199 Pac. 561].)

Appellant specifies further error by the trial court in admitting the several telegrams and letters in evidence "without connecting defendant therewith".

As to the telegrams, a witness testified that defendant admitted to him that he sent them. With reference to the letters which were offered in evidence, the trial court had before it the indorsement of the money order to which reference has hereinbefore been had, which another witness testified was signed by defendant. By comparison of the handwriting of the letters with the proved signature of defendant in the indorsement of the money order, it is clear that a sufficient legal showing was made, and conse-

quently that no error was committed by the trial court in admitting in evidence the telegrams and letters to which reference has been had.

No other alleged error requires special consideration by this court.

The judgment and the order by which the motion for a new trial was denied are affirmed.

Conrey, P. J., and York, J., concurred.