[File No. Cr. 110.]

STATE OF NORTH DAKOTA, Respondent, v. LEO EHR, Appellant.

(252 N. W. 60.)

Opinion filed January 2, 1934.

*B. H. Bradford,* for appellant.

*Robert W. Palda* and *C. E. Brace,* for respondent.

BURR, Ch. J. The defendant was convicted of the crime of grand larceny. From the judgment of conviction and from the order denying his motion for a new trial he appeals.

The specifications of error are numerous but we concern ourselves with but four issues raised.

The information charges, among other things, that the defendants did "take, steal and carry away one Model A Ford Coupe Motor #A 3761346, then and there the property of Corwin-Churchill, etc." The proof shows the real name of the owner to be Corwin-Churchill Motors, Inc., a corporation. Appellant says such variance in the name is fatal.

In larceny the name of the owner of the stolen property is not a material part of the offense charged. "It is only required to identify the property, so that the defendant by proper plea may protect himself against another prosecution for the same offense." People v. Leong Quong, 60 Cal. 107.

The gist of larceny is the stealing of property belonging to another "with intent to deprive another thereof." As stated in People v. Sing, 42 Cal. App. 385, 183 P. 865, the name of the owner "is only required to identify the transaction so that the defendant by proper plea may protect himself against another prosecution for the same offense. The essential thing is an averment which shall show conclusively that the property does not belong to the defendant." The defendant is entitled to "a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of good understanding to know what is intended." Comp. Laws, Subdivision 2 of § 10,685. Hence, our statute says in § 10,690, Comp. Laws "When an offense involves the commission of, . . . a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured is not material." As said in State v. Potter, 195 Iowa, 163, 164, 191 N. W. 855, "an indictment for larceny must charge that the thing alleged to be stolen is the property of some person other than the accused and the proof must sustain the averment beyond a reasonable doubt."

The record shows quite clearly that the car stolen was owned by Corwin-Churchill Motors, Inc., and while the name of the owner is not set forth clearly there is no claim that there is any corporation, partnership, individual or organization known as "Corwin-Churchill." There is nothing to indicate two separate entities. The error in respect to the corporate name was such that in the language of the case of State v. Goode, 68 Iowa, 593, 27 N. W. 772, 773, "we cannot regard it as possible that either the defendant or jury was misled." The property stolen is described accurately and specifically. The defendant was charged with stealing this specific property, the property of one other than defendants or any of them. An information is not insufficient because it fails to state properly the owner of the property. State v. Vincent, 16 S. D. 62, 91 N. W. 347; Com. v. Jacobs, 152 Mass. 276, 25 N. E. 463; State v. Goode, 68 Iowa, 593, 27 N. W. 772, supra; People v. Leong Quong, 60 Cal. 107, supra; People v. Larrabee, 113 Cal. App. 745, 299 P. 85.

The variance in the name is greater than in some of the cases cited, though in the latter case cited the owner was Miss MacKay instead of Donald McDougal as charged. We are not prepared to say the defendant was not sufficiently informed as to the nature of the act charged so that he could prepare his defense. There is no suggestion that the defendant is charged with the stealing of any car except the one involved. The proof is ample that Corwin-Churchill Motors Inc., had an interest in it. That a portion of the name may have been omitted is not such a variance as would prevent the judgment in this case from being a bar to another prosecution for the stealing of this car involved. As said in People v. Larrabee, supra: "In this prosecution for grand theft, defendant could not complain on appeal of a variance between the allegations in the information and the proof as to the ownership of the property taken, where it appeared that defendant had not been misled by the asserted variance and the identity of the stolen property was established, so that in case of a second prosecution of defendant for the same offense he could readily protect himself by a proper plea."

A conviction should not be set aside because of error or carelessness in properly stating the name of the owner. Defects which do not affect the substantial rights of the appellant, must be disregarded. Comp.

Laws, § 11,013. We hold there is not such a variance as vitiates the information.

After the state rested, and while presenting his case, appellant moved the court for "leave to withdraw his plea of not guilty, for the purpose of making a motion to quash" the information. The ground of this motion was that the information had not been verified by the State's Attorney as required by the statute.

The information purports to be verified by the State's Attorney before the Clerk of Court. Assuming the information was not in fact verified, the court was not in error in denying the motion at the time made. That an information is not verified is a ground for setting it aside (Comp. Laws, § 10,728) but the motion to set aside must be in writing, subscribed by the defendant or his attorney, and "must be made before the defendant demurs or pleads, or the objection is waived." Comp. Laws, § 10,729.

Appellant says the evidence shows the property was stolen in Burleigh county and therefore the appellant could not be prosecuted in Ward county.

The record shows conclusively that the co-defendants with one Renz, planned to leave Minot, in Ward county, and go to Bismarck in Burleigh county, for the purpose of stealing a car and of taking it to Minot. In furtherance of this plan the car was stolen in Bismarck and taken to Minot. It was one continuous act. The state claims appellant was a party to this conspiracy.

Our statute, § 10,509, Comp. Laws, provides that "when property taken in one county . . . by . . . larceny, has been brought into another, the jurisdiction of the offense is in either." "If, after one has committed the acts which complete the theft, he continues traveling away with the goods, still intending to appropriate them to his own use, each step is a new trespass and a fresh larceny, so that the possession of goods stolen by the thief is a larceny in each county into which he carries them." People v. Sing, 42 Cal. App. 385, 392, 183 P. 865, 868. And the court shows further that under § 786 of the Penal Code of California (practically identical with our § 10,509) the jurisdiction of the offense is in the county where the theft was committed, or in any county into which he carries the goods.

Defendant says the evidence is insufficient to sustain the conviction.

With this contention we agree. The testimony shows that the defendants Brown and Heys in company with a person other than the appellant were engaged in a series of larcenies of cars and came to Bismarck for the purpose of stealing a car. While there they took the car in question and drove it to Minot. It is not contended that the appellant was in Bismarck or had anything to do with the actual taking of the car, neither is there any testimony whatever, even on the part of the co-defendants, showing the appellant knew of the plan to steal the car, or in any way aided or assisted in formulating a plan or in carrying it out. It is true that "in the last part of July or the first of August" after the car was stolen the defendant purchased it from one of the thieves. There is testimony to the effect that the day after the car was stolen the appellant was with the thieves in Minot when they were altering the numbers on the car and assisted to some extent in this work. Of course this is denied by the appellant but the State furnished such evidence. The only testimony which even faintly refers to a possibility of knowledge of a contemplated agreement is testimony of one of the co-defendants, the assistant manager of appellant's taxi line, to the effect that appellant said he would like to buy a cheap car for his taxi business, and witness told appellant he "would buy a stolen car cheap." There is nothing in this which even remotely suggests that such car should be stolen for that purpose, and furnished to him. Witness said he could not recall that anything was said about how or where they were going to get the car. He said further:

"Q. Oh, then you and Leo had framed up to have a car stolen, had you? A. I believe that we had.

Q. You had had an agreement that you and Brown were to steal a car and that you and Leo were to get it? A. No.

Q. Well, then, just what was your agreement? A. That he was to buy a cheap car.

Q. You were to buy a cheap car? A. Yes.

Q. Anything said about a stolen car? A. The idea was there, nothing was said.

Q. Was anything said about a stolen car? A. Yes, I believe there was.

Q. All right, who said anything about it? A. I did.

Q. And you told Leo you would buy a stolen car cheap? A. I did.

Q. Did you describe the car, the stolen car you were going to buy cheap? A. I told him that we would have a Ford coupe.

Q. And how long was that before February 27th, 1931? A. Oh, I should say that we had been talking between us for quite a little while for an automobile.

Q. And about how long? A. I don't know.

Q. Say six months? A. No.

Q. Four months? A. I don't remember how long.

Q. But it was all thoroughly talked over and understood? A. It was understood."

There is testimony which tends to show that after the car was stolen and before it was purchased by the appellant he knew it was stolen property; but the defendant is not charged with receiving stolen property knowing it to be stolen. True it is not necessary for the State to show that the defendant actually was with the thieves when the car was stolen, nor is it necessary for the State, in an attempt to prove a conspiracy to commit larceny, to prove that the appellant advised the stealing of the specific car involved. In State v. Smith, 51 N. D. 130, 199 N. W. 187, we hold that "where the evidence tends to show that the defendant suggested to another a plan or scheme contemplating the larceny of an automobile which the defendant agreed to accept from his confederate" the defendant would not be exonerated from liability as a principal because he did not advise the stealing of the specific car involved or direct the execution of the scheme; but the record is silent as to the participation by the appellant in any plan or scheme contemplating larceny of a car. The evidence falls far from proving participation by the appellant in any plan or scheme contemplating the larceny of any automobile. No one claims there was any agreement made for the purchase of this car until long after it was stolen. It is true the record shows the co-defendants had been engaged in a series of larcenies, but there is no evidence that the appellant knew this. There is testimony to the effect that before this car was stolen the appellant, as notary public, took the verification of defendant Brown under the name of Ted Williams on an application to the Secretary of State of Illinois for the registration of a motor vehicle. The theory of the State

is that this was done to pave the way for the securing of a license for a stolen car from the proper department of this State. There is a statement made by Brown that at the time the appellant as notary public took the verification of "Ted Williams" in the application directed to the Secretary of State of Illinois, he knew this was a fictitious name and suggested it. This is denied by the appellant. But assuming it to be correct, there is no proof of any knowledge on the part of appellant or proof of facts from which knowledge could be fairly inferred that this was a part of a scheme to secure the registration in North Dakota of a car to be stolen in the future. The application to the Secretary of the State of Illinois was made February 27, 1931. The car in question was stolen March 15, 1931. After the car was stolen defendant Brown, under the name of Williams, applied for registration, and verified his application before the defendant. There is testimony tending to show that the directions given to the motor vehicle registrar as to where the license plates and certificate were to be delivered were such that the appellant could get control of them and that he did get control. This was after the larceny and before the purchase by appellant. It would have an important bearing upon a charge of receiving stolen property, knowing it to be stolen but in the absence of any proof whatever showing even knowledge on the part of appellant of a contemplated larceny by the co-defendants it has no probative value as to larceny. The witnesses relating these statements were accomplices, if appellant was a party to the larceny. We are satisfied there is no sufficient substantial proof showing any participation by appellant in a plan or scheme to steal the automobile.

It is true the trial court denied a new trial, and the determination of the question whether a new trial should be granted in a criminal case is one which lies largely within the discretion of the trial court. While the presumption is that this discretion is properly exercised, nevertheless it should always be exercised in the interests of justice. State v. Hazer, 57 N. D. 900, 225 N. W. 319.

But a motion for a new trial on the ground that the verdict is contrary to the evidence is an appeal from the jury to the court on a question of law. So that to set aside the verdict returned on the evidence is not necessarily an invasion of the province of the jury. And greater latitude is allowed on a motion for a new trial on the ground of insuffi-

ciency of evidence in criminal cases than in civil cases. State v. Strong, 52 N. D. 197, 201 N. W. 858.

The question of the insufficiency of the evidence as raised in this case does not turn upon credibility of witnesses, but upon the entire lack of proof of essential elements of the crime. While the appellate court will not interfere with a proper exercise of the judicial discretion of the court in decisions upon credibility of witnesses and the weight to be attached to their testimony, nevertheless it is an abuse of judicial discretion to hold there is sufficiency of evidence when there is a lack of proof of the essential elements of the crime charged.

The alleged errors occurring at the trial will not likely appear in a new trial and therefore need not be investigated.

The motion for a new trial should have been granted on the ground of insufficiency of the evidence to sustain the verdict. The case is reversed and the defendant is granted a new trial.

BURKE, NUESSLE and CHRISTIANSON, JJ., and HOLT, Dist. J., concur.

Mr. Justice MOELLRING, being disqualified, did not participate, Hon. DANIEL B. HOLT, Judge of the First Judicial District, sitting in his stead.